## City of Carmi v. John H. Ervin.

1. IMPUTABLE NEGLIGENCE—*Where It Does Not Apply.*—The negligence of the driver of a vehicle over a dangerous road can not be imputed to a person riding with him by invitation and ignorant of the surrounding circumstances.

**Trespass on the Case,** for personal injuries. Error to the Circuit Court of White County; the Hon. EDMUND D. YOUNGBLOOD, Judge, presiding. Heard in this court at the February term, 1895. Opinion filed July 1, 1895.

C. P. WHITE, City Attorney, and HOLDERBY & BLEAKLEY, attorneys for plaintiff in error.

Ross GRAHAM and P. A. PEARCE, attorneys for defendant in error.

MR. JUSTICE SAMPLE DELIVERED THE OPINION OF THE COURT.

The appellee brought this suit to recover damages for a personal injury, and obtained a judgment for $1,250. The negligence is alleged to consist in allowing a street to become and remain out of repair, so that appellee in passing over it, seated on a load of hay, on the 26th day of April, 1892, was thrown off and his right leg broken at the ankle joint. The facts in brief are that the portion of the street where the accident occurred was a fill of some fifteen feet, which was in a good state of repair in the fall of 1891; that owing to heavy rains in the winter and spring of 1892, which caused the water to back up and around the fill so that it rose nearly to the top, and the hauling of heavy loads over the fill, ruts or holes were made therein, so that wagons in passing over it would drop down nearly to the hub of the wheels. The wagon in which appellee was riding got into one of these ruts. The appellant relies on two grounds for reversal: first, that the city was not negligent in allowing the street to remain in the condition stated, owing to the continuous bad weather, and the fact, which is not contradicted, that the holes or ruts could not be repaired with earth; second, that the appellee was negligent in passing over that portion of the street with a load of hay, the driver of the team knowing its condition.

As to the first point, there is evidence tending to show it could have been repaired with bark at a slight expense, so as to make it reasonably safe. The serious question is raised by the second point. The evidence shows that one James Berry, who was working for R. L. Organ, was directed that day to haul a load of hay from a Mr. Platt's in the country to his, Organ's, farm, a distance of about three miles; that Berry had driven a team over this fill several times within

a week before the accident, to Organ's knowledge, who lived adjoining or near the fill; that Organ on that day, before the injury, told Berry not to drive over that fill with a load, and there was no necessity requiring him to drive that way; that on the morning before the accident Berry had driven over this portion of the street, and says he thought it was safe; that one driving over this street could not avoid seeing or even getting into this deep hole which caused the accident; that Berry drove the team properly, so far as handling the team was concerned, at the time of the injury; that Berry got the appellee to assist him in loading and hauling the hay and invited appellee to ride on the load. The appellee was not acquainted with the condition of the street at the place of the injury, and was guilty of no negligence that contributed to such injury. These may be fairly said to be established facts. Clearly, Berry, if he had been injured, could not recover damages, owing to his contributory negligence. City of Centralia v. Krouse, 64 Ill. 19; Lovenguth v. City of Bloomington, 71 Ill. 238. One can not knowingly and unnecessarily expose himself to danger and recover damages. This is elementary.

The vital question in this case is, was the negligence of Berry, the driver of the team, imputable to appellee? The case was tried on that theory and the court so instructed the jury. The appellee's counsel seem to assent to the claim of appellant that such is the law. Neither side has cited any authorities on the question. An investigation has led us to the conclusion that the law of imputable negligence does not apply, although it seems to be supported by some statements found in City of Joliet v. Seward, 86 Ill. 402; T. P. W. & W. Ry. Co. v. Miller, 76 Ill. 278, and other cases; but see Chicago City Ry. Co. v. Wilcox, 138 Ill. 370. The doctrine of imputable negligence seems to rest upon the English case of Thewgood v. Bryan, 8 C. B. 115 (65 Eng. Com. Law), but has been generally repudiated in the United States. 1 Smith's Leading Cases (8th Ed.) 505. It has been expressly repudiated in this State. W. St. L. & P. Ry. Co. v. Shacklet, Adm'r, 105 Ill. 364. It was based on the theory of the identity of the person injured, in such a case as this,

with the vehicle in which he was riding. It has been supported in some States on the theory that the driver of the vehicle was in some way the agent of the person injured. Prideau v. City of Mineral Point, 43 Wis. 513. But the agency implies the right of control and direction, and this view, as well, is generally repudiated. There is no pretense appellee had a right to control Berry. The reverse was in fact true. The rule as established by our Supreme Court, is as applicable to the facts in this case, that there is no imputable negligence to appellee, and that although Berry's negligence may have contributed to or caused his injury, yet if the negligence of the city was a primary cause, he has a right of action against either of the wrongdoers. 105 Ill. *supra;* Consolidated Ice Machine Co. v. Keifer, 134 Ill. 492.

There being no negligence imputable to appellee, the case must be considered, as to him, as if he was passing over the street alone, and for the first time, in ignorance of its condition. In this view there can be no question of the liability of appellant. For an exhaustive review of the legal questions here briefly discussed, see notes to Borough of Carlisle v. Brisbane, 113 Penn. St. 544, reported in 57 Am. Rep. 483. For brief collection of authorities on the respective sides, see notes to Nisbet v. Town Garner, Book 1, p. 152, Lawyers' Reports Annotated.

The judgment is affirmed.