## North Chicago St. R. R. Co. v. Ida M. Lehman, formerly Ida M. Campion.

1. DAMAGES—*Mental Pain, When a Proper Element.*—Mental pain is a proper element of damages to be considered by a jury, when it arises directly out of and is a part of the physical suffering endured as a result of an injury.

2. PLEADING—*Averments of " Mental Pain."*—The general averment that " many of the bones of her body were broken," and that she " became sick, sore, lame and disordered," is a sufficient averment to support evidence of particular bones being broken, but is not sufficiently specific as a pleading from which to infer mental pain as a result.

3. SAME—*Absence of Averments as to Mental Pain.*—Mental pain can not be taken into account in estimating the compensation to be awarded to an injured person, where neither it, nor anything from which it can be directly inferred, is averred in the declaration. Proof of mental pain with no averment in the declaration to support it does not aid the lack of such an averment.

4. MENTAL PAIN—*Not the Result of Physical Pain.*—It is not enough in this case, to say that mental pain is the direct result or concomitant of severe physical pain, and therefore need not be specially averred, for there is no averment that any bodily pain was suffered.

**Action for Personal Injuries.**—Trial in the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in the Branch Appellate Court, at the March term, 1899. Reversed and remanded. Opinion filed April 11, 1899.

EGBERT JAMIESON and JOHN A. ROSE, attorneys for appellant.

EDWARD J. WALSH, SR., and THOMAS W. PRINDEVILLE, attorneys for appellee.

MR. JUSTICE SHEPARD delivered the opinion of the court.

The appellee sued to recover for personal injuries sustained by her through the alleged negligence of appellant, by its servants, in causing the horse, behind which she was riding in a buggy, to become frightened and run away and cast her to the ground, etc.

The allegations of the declaration concerning her injuries, in addition to the money expended in endeavoring to be cured, and her being prevented from attending to her affairs and business as a school teacher, are, that "many of the bones of her body were broken, and also by means of the premises, she was and became sick, sore, lame and disordered, and so remained for a long space of time, to wit, from thence hitherto."

The declaration contains no specific allegation that she suffered any bodily or mental pain, as the result and because of her injuries.

The second instruction given to the jury at the request of the appellee (plaintiff) was as follows:

"The court instructs the jury that if they find the defendant guilty under the law and the evidence in this case, then in estimating plaintiff's damages you will take into consideration the pain and suffering caused by the injury to the plaintiff in body and mind, if any such appear from the evidence, the loss of time resulting to the plaintiff from said injuries, if any such appears from the evidence, and the extent and nature of the injuries received by the plaintiff, whether permanent or otherwise, if any such appear from the evidence, reasonable expenses incurred by the plaintiff in and about endeavoring to be cured of such injuries, if any such appear from the evidence, and assess such damages as the jury may believe from all the evidence before them in this case, the plaintiff has sustained or will sustain by reason of said injuries."

Appellant insists that the giving of such instruction constituted error, because of the lack of any allegation in the declaration of suffering in mind, and of any evidence in the case tending to establish such mental suffering.

There was evidence that tended to show she suffered severe pain.

Mental pain is undoubtedly a proper element of damage to be considered by a jury, when it arises directly out of and is a part of the physical suffering that it endured as the result of an injury. C. C. Ry. Co. v. Canevin, 72 Ill. App. 81; C. C. Ry. Co. v. Anderson, 80 Ill. App. 71.

But we know of no authority or principle that admits of

it being taken into account in estimating the compensation
to be awarded to an injured person, where neither it, nor
anything from which it may be directly inferred, is averred
in the declaration—in other words, where the plaintiff does
not lay claim to damage on account of it. Proof of it, with
no averment to support the proof, does not aid the lack of
averment.

It is not enough, in this case, to say that mental pain is
the direct result or concomitant of severe physical pain, and
therefore need not be specially averred, for there is no
averment that any bodily pain was suffered.

The general averment that " many of the bones of her
body were broken," and that she " became sick, sore, lame
and disordered," was probably all that was required by
way of averment, to support evidence of particular bones of
her body being broken, but it was not sufficiently specific
from which, as a matter of pleading, to infer the arising of
mental pain as a result.

Had it been appropriately averred that in consequence of
the injury the plaintiff suffered severe pain and anguish of
body and mind, or had a specific physical injury been
averred, from which severe bodily pain might be inferred,
the evidence that tended to show that appellee suffered
severe bodily pain, would probably have justified the instruc-
tion—because of mental pain being concomitant with severe
physical pain, and of the rule that mental pain directly
growing out of and through physical suffering may be con-
sidered in estimating damages; but without an averment in
some of such respects, we should be upholding a looseness
in pleading that even modern liberality in that direction has
not extended to.

It may be, the verdict being small, the jury did not con-
sider the element of pain, either bodily or mental, but we
can not know it. In a close case, the jury should be accu-
rately instructed as to the law involved.

For error in the instruction, the judgment will be reversed
and the cause remanded.