## Sarah Buckler v. City of Newman.

1. INSTRUCTIONS—*accuracy required in, where case is close.* Where a case is close and the evidence conflicting it is important that the jury shall have been fully and accurately instructed.

2. IMPUTED NEGLIGENCE—*when doctrine of, does not apply.* Where an injury is caused to a passenger by the combined negligence of the driver of a vehicle and a third party, the negligence of the driver is not

necessarily to be imputed to the passenger so as to preclude recovery for injuries occasioned to him thereby, provided that he is in no way at fault himself, unless there exists between the passenger and the driver the relation of master and servant.

3. MASTER AND SERVANT—*what does not establish relation of.* The mere fact that the relationship between the driver of a vehicle and a person riding thereon was that of mother and son, does not establish as between them the relation of master and servant so as to render the negligence of the son acting as driver imputable to the mother.

Action on the case for personal injuries. Appeal from the Circuit Court of Douglas County; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the May term, 1903. Reversed and remanded. Opinion filed October 12, 1903.

J. M. NEWMAN and ROY F. HALL, for appellant.

ECKHART & MOORE, for appellee.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in case, brought by appellant against appellee, to recover damages for personal injuries by her sustained through the alleged negligent failure of said city to keep a certain street in repair. A trial resulted in a judgment against the plaintiff, in bar of the action, and for costs, from which she appeals.

The declaration charges that said city negligently and wrongfully allowed and permitted certain holes to be and remain in the roadway of said street; that plaintiff was riding along said street in the exercise of due care and caution; that the wheel of the wagon in which she was riding dropped into one of the holes in the street, whereby she was thrown out and injured, and that defendant had notice of the existence of said holes.

The evidence adduced by the plaintiff tended to show that at the time of the accident, plaintiff was riding on said street in a wagon drawn by a team of horses driven by her son, aged seventeen years, who was sitting on a spring seat in the front of the wagon; that plaintiff was sitting in a chair back of the spring seat; that while said team was being driven in a slow walk, one of the wheels of the wagon

dropped into a hole over a tile ditch which the defendant had caused to be dug some time before, and had afterwards filled up, but in which the earth had so sunk as to leave holes in the roadway, whereby plaintiff was thrown to the ground and injured.

The evidence on the part of the city tended to show that the street was in a reasonably safe condition; that the team was trotting, and that the accident was caused by the careless or reckless driving of plaintiff's son.

The evidence upon the question as to whether the accident was caused by the negligence of the city, or by the careless or reckless driving of her son, was very close and exceedingly conflicting. It was therefore important that the jury should have been fully and accurately instructed.

The defendant offered, and the court read to the jury, the following instruction:

"The jury are instructed that municipal corporations such as the defendant are only liable for such defects in their streets as are in themselves dangerous to a person exercising reasonable care and caution in driving or passing over them; if the jury believe from the evidence that the alleged defect in the street in question was not in itself dangerous to the safety of a person driving over it with reasonable care and caution for his own safety, or that the alleged injury was the result either of a mere accident without negligence on the part of the defendant, or that it resulted from a want of reasonable care and caution for her own safety on the part of the plaintiff, *or the person driving the team*, then the jury should find in favor of the defendant."

The action of the court in giving this instruction raises the question as to whether the want of due care on the part of her son, who was driving the team, if proved, could be imputed to appellant, and she, by reason thereof, be held to have been guilty of contributory negligence.

It is the well-settled rule in this state that where an injury is caused to a passenger by the combined negligence of the driver of a vehicle and a third party, the negligence of the driver is not necessarily to be imputed to the passenger so as to prevent a recovery for injuries occasioned to him

thereby, provided that he is in no way at fault himself. Transit Co. v. Shacklet, 119 Ill. 232; C. C. Ry. Co. v. Wall, 93 App. 411; Springfield Con. Ry. Co. v. Puttenney, 200 Ill. 9. The rule, however, has been held not to apply where between the passenger and driver the relation of master and servant or principal and agent exists. Brickell v. R. R. Co., 120 N. Y. 290; Ry. Co. v. Stommel, 126 Ind. 35; Township v. Telfer, 57 Kansas 798. The test, therefore, of the responsibility of appellant for the negligence, if any, of the driver, depended upon whether she had the right of control over him so as to constitute the relation of master and servant between them, and this was a question of fact for the jury.

The instruction referred to was inaccurate and incomplete, in that it authorized the jury to impute the negligence of the driver to appellant without regard to whether their relations were such as to give appellant power and control over his actions in driving. It cannot be said, as a matter of law, that the mere fact that he was her son and a minor gave her such control over him as to make her responsible for his careless driving. The record fails to disclose the ownership of the team and wagon, whether the driver was in her or her husband's employ, or whether she was a passenger by right of ownership of the team and wagon or by invitation or permission of the owner. As we take it, the mere relation of parent and child is not sufficient, but before the negligence of the driver could be imputed to appellant, the relation of either master and servant, or of principal and agent, must have been established.

The giving of the instruction was therefore prejudicial error, and the judgment of the Circuit Court must be reversed and the cause remanded.

*Reversed and remanded.*