West Chicago Street R. R. Co. v. Martin Dougherty.

1. NEGLIGENCE—*Of the Driver of a Wagon Not to be Attributed to a Person Riding With Him.*—The negligence of a driver of a wagon is not imputable to a person who is riding with him as his guest and has nothing to do with the driving.

2. SAME—*When Court Can Declare Negligence as a Conclusion of Law.*—It is only where reasonable men can not differ on the question as to whether an act constitutes negligence, that the court can declare negligence as a conclusion of law.

3. INSTRUCTIONS—*As to Measure of Damages in Personal Injury Cases.*—In a personal injury case the jury were instructed as follows : " The court instructs the jury that if you find for the plaintiff you will be required to determine the amount of his damage. In determining the amount of damages the plaintiff is entitled to recover in this case. if any, the jury have a right to, and they should take into consideration all the facts and circumstances as proven by the evidence before them; the nature and extent of plaintiff's physical injuries, if any, so far as the same are shown by the evidence to be the direct result of the injury; his suffering in mind and body, if any, resulting from such physical injuries, and such future suffering and loss of health, if any, as the jury may believe from the evidence before them in this case, he has sustained or will sustain by reason of such injuries; his loss of time and inability to work. if any, on account of such injuries; and may find for him such sum as in the judgment of the jury, under the evidence and instructions of the court in this case, will be a fair compensation for the injuries he has sustained or will sustain. if any, so far as such damage and injuries, if any, are claimed and alleged in the declaration and proven; and it is not necessary for any witness to express an opinion as to the amount of such damages." It was objected to on the ground that the court, by telling the jury to " consider all the facts and circumstances in proof," directed them in assessing damages to wander at large through the entire proof instead of confining them to that part of it bearing upon the subject of damages. *Held,* that the instruction was proper.

West Chicago St. R. R. Co. v. Dougherty.

Trespass on the Case, for personal injuries.  Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge presiding.  Heard in the Branch Appellate Court at the October term, 1902. Affirmed.  Opinion filed October 30, 1903.

JOHN A. ROSE and LOUIS BOISOT, attorneys for appellant; W. W. GURLEY, of counsel.

JOHN F WATERS, JOHNSON & PEGLER and EDWARD MAHER, attorneys for appellee.

MR. JUSTICE STEIN delivered the opinion of the court.

This is an appeal from a judgment recovered by appellee on account of injuries sustained by him in a collision between a wagon and a street railway car of appellant. At the time of the accident appellee was riding in an open one-horse express wagon, going to his work with three other men, one of whom was the owner of the horse and wagon and did the driving.  The accident occurred on a bright, clear day at the intersection of Wabansia and Milwaukee avenues, in this city.  The two streets do not cross directly, but Wabansia avenue, coming from the east, runs into Milwaukee avenue without crossing it, and then runs out of it again about 175 feet to the northwest.  Milwaukee avenue runs northwest and southwest.  The four men had been going west on Wabansia avenue and then, turning into Milwaukee avenue, went northwest on that street until they reached the point where Wabansia avenue runs west out of Milwaukee avenue.  There are two street car tracks on Milwaukee avenue, and the cars in each direction use the right-hand track.  The wagon in which appellee was riding, while on Milwaukee avenue, kept to the right of both tracks until a car coming from behind passed the wagon a little before the point at which the driver of the wagon wished to turn out of Milwaukee into Wabansia avenue.  As soon as the car had passed, the driver turned the horse to the left and drove behind the car directly upon the further track, upon which another car was rapidly approaching from the northwest.  The horse got across the track, and so, nearly, did the wagon;

but the car struck the rear part of the rear wheel, overturning the wagon and throwing out all its occupants.

First. It is claimed the testimony of the wagon-driver and appellee, of itself, shows them to have been guilty of such contributory negligence as to bar a recovery as matter of law. Whatever the negligence, if any, of the driver may have been, it can not be imputed to appellee. He was riding in the wagon at the driver's invitation and had nothing to do with the driving. W. Chicago St. R. R. Co. v. Dedloff, 92 Ill. App. 547; Carmi v. Ervin, 59 Ill. App. 555; C. & A. R. R. Co. v. Harrington, 192 Ill. 9, 29; U. P. Ry. Co. v. Lapsley, 51 Fed. Rep. 174.

But it can not be said as matter of law that the testimony of the driver shows him to have been negligent. Whether he was so or not is a question about which reasonable men might differ; and it is only where such difference does not exist that the court can declare negligence as a conclusion of law. The car going north may have interfered with the vision of the driver and prevented him in some degree from seeing the car that was going south. In point of fact—as he testifies—he did not see it until his horse was between the two tracks, when the car was from seventy-five to one hundred feet away. True, his horse was walking, and notwithstanding the rapid approach of the car he did not accelerate the speed of the horse until the car was within ten or fifteen feet from him. But the collision occurred at a street intersection and the driver, to use his own words, " was there on the track as much as he (the gripman) was. I thought he would stop." Besides, as the driver puts it, " It was a bad place to get off of a walk crossing the tracks," and he had a right to assume that the gripman would exercise such ordinary care as the situation called for, to keep the car from running into the wagon. Even as it was, the wagon had almost cleared the tracks before it was struck. Under such circumstances the question of the driver's negligence was for the jury.

The testimony of appellee is substantially the same as the driver's. He was sitting in the rear of the wagon

and remained seated until the car was about ten or twelve feet away and the hind wheels of the wagon "were pretty near to the south-bound track," at which time he got up and walked forward on the wagon in order to jump out west of the track. He could not get out behind. He was in the act of jumping when the car struck. "If I had half a second more I would have been out of the way sure." He had no control of the driver, said nothing to him, and did not urge him to change his course, or influence him in any way   It is contended that under the circumstances his failure to speak to the driver was contributory negligence. Whether if he had spoken it would have done any good is, to say the least, doubtful. He might have confused the driver and done harm. At all events he had no control over him, and the driver knew as much about the situation as appellee, and apparently could not be benefited by any advice or suggestions from him. Whether appellee was negligent was for the jury and not for the court to decide, inasmuch as the question was a debatable one about the correct answer to which reasonable men might differ.

Second. Complaint is made of the action of the court in overruling appellant's motion to strike out all testimony relating to the hernia and an injury to the eye which appellee claimed had been caused by this accident. It is not denied that there was some proof tending to show a causal connection, but it is claimed that the preponderance of the evidence is overwhelmingly the other way. Even were this claim well founded, (and this we do not determine), the court, if it had granted the motion, would in so doing have invaded and indeed usurped the function of the jury. It was solely for the jury to decide as between the opposing contentions of the parties upon matters of fact.

Third. Appellee, having testified that he had been working for sixteen years in a rolling mill but had left there two months before the accident, was permitted to state that he had earned there $100 a month. This evidence was objected to as giving a wrong basis for computing damages and as being too remote from the time of the accident.

Counsel rely on Ry. Co. v. Maday, 188 Ill. 308; but there the plaintiff was allowed to show what he had earned at a trade abandoned by him five years before the injury occurred. Nevertheless the judgment was affirmed, the court saying that the error was a harmless one. Here only two months had elapsed, and it was entirely proper to inquire into appellee's earning capacity at that time.

Fourth. This case has been tried three times. At the first trial there was judgment for $3,000; at the second the verdict of $8,500 ripened into a judgment for $5,500, and the present judgment is for $6,000. We have carefully considered the argument of counsel for appellant in support of the contention that the damages are excessive and all the proof in connection therewith, and are of opinion that while something less than $6.000 might perhaps have been adequate compensation for the injuries sustained by appellee by reason of the accident, yet in view of the approval by one trial judge of a judgment for $5,500, and by another of one for $6,000, we are not disposed to disturb the latter.

Fifth. At appellee's request the jury were instructed as follows:

"The court instructs the jury that if you find for the plaintiff you will be required to determine the amount of his damage. In determining the amount of damages the plaintiff is entitled to recover in this case, if any, the jury have a right to, and they should take into consideration all the facts and circumstances as proven by the evidence before them, the nature and extent of plaintiff's physical injuries, if any, so far as the same are shown by the evidence to be the direct result of the injury; his suffering in mind and body, if any, resulting from such physical injuries, and such future suffering and loss of health, if any, as the jury may believe from the evidence before the min this case he has sustained or will sustain by reason of such injuries; his loss of time and inability to work, if any, on account of such injuries; and may find for him such sum as in the judgment of the jury, under the evidence and instructions of the court in this case, will be a fair compensation for the injuries he has sustained or will sustain, if any, so far as such damage and injuries, if any, are claimed and

West Chicago St. R. R. Co. v. Dougherty.

alleged in the declaration and proven, and it is not necessary for any witness to express an opinion as to the amount of such damages."

This instruction has been before the Supreme Court and passed muster in R. R. Co. v. Martin, 111 Ill. 232; R. R. Co. v. Johnson, 180 Ill. 287; R. R. Co. v. Carr, 170 Ill 486; Ry. Co. v. Brown, 193 Ill. 274; Ry Co. v Puntenney, 200 Ill. 1; R. R. Co. v. Gruss, 200 Ill. 195. In the Brown case, *supra*, the court say:

"This instruction, substantially, has been before this court a number of times, and we do not regard the. giving of it as error."

In the Gruss case, *supra*, they repeat this language and add that the instruction "has uniformly been approved." It is now objected to on the ground that the court, by telling the jury to "consider all the facts and circumstances in proof," directed them in assessing damages to wander at large through the entire proof instead of confining them to that part of it bearing upon the subject of damages. Nothing is pointed out and we have not found anything in the proof not relating to damages which might have influenced the jury to the detriment of appellant in fixing the amount of their verdict.

Other objections are made to instructions given for plaintiff; but none of them is of a serious character, and the alleged errors can not be regarded as having worked any harm to appellant. The case has been tried three times, each time resulting in a verdict for plaintiff; and in the absence of prejudicial error the litigation should come to an end. As the Supreme Court said in the Maday case, *supra:*

"It is more important in the administration of justice, that litigation should end in the attainment of substantial justice than that a record of the proceedings should be built up which is without flaw or blemish."

The judgment appealed from is affirmed.