## Chicago City Railway Company v. Fred Nonn.

### Gen. No. 13,055.

1.  CONTRIBUTORY NEGLIGENCE—*what essential to application of doctrine of imputable.*  Before the contributory negligence of a person other than the plaintiff himself can serve as a defense to an action for negligent injury of the plaintiff, it must appear, first, that such person was guilty of negligence; second, that such negligence was a proximate cause of the injury; and third, that the plaintiff ought to be charged with such negligence as though it had been his own.

2.  CONTRIBUTORY NEGLIGENCE—*what essential to application of doctrine of imputable.*  Before the plaintiff can be precluded from recovery by a showing of contributory negligence upon the part of a person in privity with him, it must appear that such person at the time of being so guilty of contributory negligence was under the control or subject to the direction of the plaintiff.

3.  VERDICT—*when not disturbed as against the evidence.*  A verdict will not be disturbed as against the weight of the evidence unless it appears to be manifestly wrong or was the result of passion or prejudice.

4.  TRACTION COMPANY—*duty of, to regulate speed of car.*  It is the duty of a street car company, in approaching a street crossing,

so to regulate the speed of its car that a collision which might result from improper regulation would be avoided.

Action in case for personal injuries. Appeal from the Superior Court of Cook County; the Hon. GEORGE A. DUPUY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1906. Affirmed. Opinion filed April 12, 1907.

**Statement by the Court.** Appellee recovered a judgment in the Superior Court against appellant for $1,500 in an action to recover damages for personal injuries sustained by appellee as the result of a collision between one of appellant's street cars and a wagon in which he was riding. The accident occurred at Yale avenue and Sixty-third street in the city of Chicago in the early evening of March 8, 1904.

Appellant possessed and operated on that date a double track street railway on Sixty-third street, an east and west public street. The cars were propelled by electricity. The north track was the west-bound track, and the south track was the east-bound track. Yale avenue is a north and south street, its northern terminus being the south line of Sixty-third street.

At the time in question appellee was in the employ of Siegel, Cooper & Company as an assistant to one Lepthien, a driver of a large bulk delivery wagon of that firm, drawn by two horses, and having a top over the body with curtains on the sides, which were rolled up at the time in question. The duty of appellee was to ride back in the body of the wagon with the goods, and get the packages ready to be delivered at the next stop; and if there was anything too heavy or bulky for the driver to deliver alone it was appellee's duty to assist him.

About six o'clock in the evening the wagon was being driven north on Yale avenue into Sixty-third street by Lepthien, the driver, who was in his seat, and appellee was back in the body of the wagon. As the wagon crossed the east-bound or south track of appellant's road it was struck and turned over by a car going east, and appellee received the injuries to recover damages for which this action was instituted.

WILLIAM J. HYNES, JAMES W. DUNCAN and WATSON J. FERRY, for appellant; MASON B. STARRING, of counsel.

JAMES C. McSHANE, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

The declaration, which consists of one count, avers that on the day in question the defendant possessed and operated a double track street railway in Sixty-third street; that the cars were operated by electricity; that plaintiff was employed by Siegel, Cooper & Company as a helper to the driver upon a delivery wagon which was being driven across the street car tracks of the defendant in a northerly direction at the intersection of Yale avenue and Sixty-third street; that while plaintiff was exercising due care and caution for his own safety the defendant, through certain of its servants in charge of an east-bound car, so negligently, carelessly and improperly ran, managed and operated it that as a direct result thereof it collided with the wagon in which plaintiff was riding, and that plaintiff was hurled violently into the air and fell upon the wagon and ground and was greatly injured.

Appellant insists that the overwhelming weight of the evidence in the case furnishes conclusive proof that the collision was due solely to the negligence of the driver of the wagon, and that those in charge of the car did not by any act or omission contribute to the collision, and therefore the judgment should be reversed.

This contention must necessarily rest upon the proposition that the negligence of the driver of the wagon must be imputed to the plaintiff, appellee. It is necessary then to consider when the negligence of one person may be imputed to another legally, and then to determine from the evidence the relation of the plaintiff to the driver of the wagon, and whether or not such relation brings the case within the rule.

The general doctrine that imputable contributory negligence which will bar the plaintiff from recovery exists when the plaintiff, although not chargeable with personal negligence,

368    APPELLATE COURTS OF ILLINOIS.

has been exposed to the injury which he received by the negligence of a person in privity with him, and with whose fault he is chargeable. "But before the contributory negligence of a person other than the plaintiff himself can serve as a defense to an action for negligent injury of the plaintiff, it must appear, first, that such person was guilty of negligence; second, that such negligence was a proximate cause of the injury; third, that the plaintiff ought to be charged with such negligence as though it had been his own." 7 A. & E. Ency. of Law (2nd Ed.) 445. These rules are clear as mere legal doctrines, but in their application much difficulty arises; and consequently there is considerable conflict of opinion among text-writers and courts upon the question whether the doctrine of imputable negligence is applicable in any one of the cases stated. We think, however, in this State the doctrine is settled that the negligence of one will not be imputed to another where the one is not under the control or subject to the direction of the other; and that negligence may be imputed when one is injured through the contributory negligence of another while that other is acting either under his direction or with his consent and approval, or where by his own act he directs or controls the other. W. St. L. & P. Ry. Co. v. Shacklett, Admx., 105 Ill., 364; West Chicago St. R. R. Co. v. Piper, 165 id., 325; City of Carmi v. Ervin, 59 Ill. App., 555; West Chicago St. R. R. Co. v. Dedloff, 92 Ill. App., 547; Chicago City Ry. Co. v. Wall, 93 id., 411; Buckler v. City of Newman, 116 Ill. App., 546.

The law as laid down in the above cases is not questioned by appellant. It is sought, however, to discriminate the case at bar from the above cases upon the ground that they are all cases where the plaintiffs were passengers of a common carrier, or were the passengers of the person with whom they were riding, and whose actions they had no right to direct, control or modify; whereas it is contended no such state of facts exists in this case. The contention of appellant here is that appellee and the driver of the wagon, Lepthein, were fellow-servants of a common master, engaged in

a joint undertaking, and that appellee had the same authority to direct the conduct of Lepthein, that the latter had to direct appellee.

This contention, however, is not supported by the evidence. Lepthein testified: "I had charge of the wagon; was the driver and was responsible for all the goods; my duties were to drive and deliver goods and see that they were delivered right, and help carry the goods into the house. · The helper was my assistant. He delivered goods and helped me. In case I had a large box of something and needed help he was to help me." The plaintiff's testimony and that of the driver shows that as the team was driven from place to place, the plaintiff's duty as the helper was to get the right package out for the next delivery while the driver was driving the team to the next place of delivery, and upon their arrival at the place of delivery, to assist the driver to deliver, if necessary, or to deliver the package himself, if the driver wished him. And the plaintiff was thus engaged about his duties at the time of the accident in question. There is no controversy in the evidence upon this question. The driver had control of the wagon and was responsible for the goods, and the plaintiff was subject to his authority. The plaintiff had no control over the driver or the team or the goods. He was not responsible, therefore, for the negligence, if any, of the driver. In our opinion the case of Chicago & Alton R. R. Co. v. Vipond, Admr., 212 Ill., 199, is directly in point, and controls the case at bar upon the question of imputing the negligence of the driver, if any, to the plaintiff.

We need not therefore consider the evidence in the record upon the question of the driver's contributory negligence, if any there was, as that does not affect the right of recovery.

We came now to the consideration of the errors assigned upon the instructions.

Appellant requested the court to give to the jury the following instruction:

· "1. If you believe from the evidence that Nonn and Lepthien were engaged in some joint undertaking or enter-

prise, and that each of them had some voice in the control, management or direction of the said undertaking or enterprise, then, even if any part of the work was delegated to one, the other was responsible for his acts; and if you further believe from the evidence that either one of said parties failed to exercise ordinary care and caution in the control, management or direction of said undertaking, at the time and place in question, proximately contributing to bring about the collision, then such failure, if any, would be imputed to the other, and the jury should find the defendant not guilty in this action."

The court refused to give the instruction. We think the court did not err in declining to so instruct the jury for two reasons: first, there was no basis in the evidence for the instruction; and second, it does not state the law correctly.

The court, at the request of appellee, instructed the jury as follows:

"The court instructs the jury that even if you believe from the evidence that the driver of the wagon in question was guilty of negligence which contributed toward or helped to cause the collision in question, still, if you further believe from the evidence that the plaintiff was not by his own conduct in any way the cause of such negligence, if any, upon the part of the driver of said wagon, then such negligence, if any, upon the part of said driver cannot be charged against or imputed to the plaintiff in this suit."

Under the authorities cited *supra* this instruction states the law with substantial accuracy, and the court did not err in giving it.

The evidence upon the question of defendant's negligence is conflicting. On behalf of the plaintiff there were four witnesses who saw the car and the team just prior to and at the time of the collision. In addition to these witnesses there were four other witnesses who corroborated by their testimony in some respects the other witnesses upon the question of the speed of the car and its control as it approached

Yale avenue.   The testimony of all these witnesses tended to show negligence in the running and management of the car.

The testimony of several witnesses on behalf of the defendant tended to show negligence on the part of the driver of the wagon and that everything possible was done by the motorman to stop the car from the time the team was discovered entering Sixty-third street from Yale avenue.   The question of the negligence of the defendant was of course a question of fact for the jury.   The witnesses were before them, and the physical facts in evidence were before them and it was for the jury to determine from the testimony of the witnesses and the physical facts in evidence the question as to whether or not the defendant was guilty of the negligence averred in the declaration.   After reviewing the evidence with care we are unable to say that the verdict of the jury is manifestly wrong, or that it was the result of passion or prejudice.   We cannot, therefore, disturb the verdict as manifestly against the weight of the evidence.

It was the duty of appellant and its servants when approaching Yale avenue to so regulate the speed of its car that collision with the wagon in which plaintiff was riding could be avoided.   West Chicago St. Ry. Co. v. Petters, 196 Ill., 302.   Appellant's motorman was bound to anticipate that persons and teams would be crossing the track on which he was running at Yale avenue, and for that reason he was bound to have his car under such control that he could avoid running against or over such persons or teams who were not guilty themselves of any negligence in crossing the tracks of appellant at that point.   Chicago City Ry. Co. v. Martenson, 100 Ill. App., 306; Marden v. Portsmouth, etc., Ry. Co., 60 Atl. Rep., 530; Evers v. Penn. Tr. Co., 176 Penn., 376; Searles v. Elizabeth, etc., Ry. Co., 57 Atl. Rep., 134.

The judgment of the Superior Court is affirmed.

*Affirmed.*