Ella Garvey, Appellee, v. The Metropolitan West Side Elevated Railroad Company, Appellant.

## Gen. No. 15,133.

1. DAMAGES—*when mental suffering appropriate element.* Mental suffering is a proper element of damages to be considered by the jury when such is directly traceable to the injury suffered as a result of the negligence charged.

2. INSTRUCTIONS—*when authorizing allowance for mental suffering should not be given.* Unless the declaration contains an averment of the fact of mental suffering, an instruction authorizing an allowance therefor should not be given, but the error in giving such an instruction in the absence of supporting averment is condoned if the defendant has caused the court to give instructions in which the jury were practically told that any mental distress or suffering for which damages might be awarded must be such as

flow from injuries caused by the accident; further, that they must not assess any damages for suffering of a mental character which was not connected with the bodily injuries resulting from the accident.

3. VERDICTS—*when excessiveness ground for reversal.* If the damages are excessive due to an award predicated upon a serious physical ailment which according to the preponderance of the evidence is not directly traceable to the accident in question, a reversal will be awarded.

BAKER, J., dissenting.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. PAUL MCWILLIAMS, Judge, presiding. Heard in this court at the October term, 1908. Reversed and remanded. Opinion filed June 2, 1910. Rehearing denied June 16, 1910.

ADDISON L. GARDNER, for appellant; W. W. GURLEY, of counsel.

THOMAS E. ROONEY and FERDINAND GOSS, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

Plaintiff, while a passenger upon a car of defendant in the early morning when travel was much congested and while standing on the back platform of the rear car, suffered a fracture of her right arm and some bruises upon her back, caused by a train following running into the one on which she was riding. In common parlance the accident was caused by "a rear end collision." The trial in the Circuit Court was a jury trial. The jury returned a verdict finding defendant guilty and assessing plaintiff's damages at $7,500. After overruling motions for a new trial and in arrest of judgment the court entered a judgment upon the verdict, and from that judgment defendant prosecutes this appeal. Two grounds are argued for reversal: First, that it was error for the court to give to the jury the instruction which it did, at the request of plaintiff; and, second, that the assessment of damages is excessive.

1st. The particular vice complained about and said to be inherent in the instruction rests in that part of it authorizing the jury to include in its assessment of damages plaintiff's "suffering in body and mind resulting from such injuries." This instruction, as a whole, has been passed upon by the Supreme Court without adverse criticism in cases where the charge in the declaration, supported by evidence, made it applicable; and this court did not disturb the judgment in W. C. S. Ry. Co. v. Dougherty, 110 Ill. App. 204, where an instruction similar in every essential particular to the one in question was objected to. Mental suffering is a proper element of damages to be considered by the jury when such is directly traceable to the injury suffered as a result of the negligence charged. N. C. St. R. R. Co. v. Lehman, 82 Ill. App. 238; C. C. Ry. Co. v. Canevin, 72 ib. 81; Same v. Anderson, 80 ib. 71. To entitle mental suffering to be included as an element of damages in cases of personal injury there must be a suitable averment of the fact of mental suffering in the declaration. While the instruction should not have been given with the direction in it for the jury to take into consideration in assessing damages any mental suffering traceable to the injuries of plaintiff resulting from the accident, because of the lack of a sufficient averment on which to predicate such assessment, yet defendant waived the infirmity by causing the court to give two instructions in which the jury were practically told that any mental distress or suffering for which damages might be awarded must be such as flow from injuries caused by the accident. They were further told, at the instance of defendant, that they must not assess any damages for suffering of a mental character which was not connected with the bodily injuries resulting from the accident. In this condition of the record the error in this regard must be treated as condoned by defendant, and of which it cannot now avail. Smith v. Edelstein, 92 Ill. App. 38; I. C. R. R. Co. v. Mainer, 84 ib. 92. As the court say in Funk v. Babbitt,

604          APPELLATE COURTS OF ILLINOIS.

Garvey v. Metropolitan West Side El. R. Co., 155 Ill. App. 601.

156 Ill. 408: ''This court has decided in numerous cases that a party cannot assign for error a ruling made at his own instance, and has no right to complain of an error in an instruction when like error appears in an instruction given at his request.''

2nd.   While there is no doubt of the right of plaintiff to recover damages from defendant for the injuries sustained through the negligent operation of defendant's trains, still such recovery must be limited to such damages as are directly traceable to or flow from the injuries actually occasioned by the accident.  A careful examination of the evidence convinces us that the damages awarded are excessive and are not sustained by the evidence.  The evidence shows that plaintiff's right arm was fractured; that it was a simple fracture. Her other injuries were bruises in the back and in the vicinity of the spinal column.  The union of the fractured bones was complete within six weeks, the usual time for the healing of similar fractures.  The bruises disappeared within a short time.  There were no other objective symptoms which had any causal connection with any other ills which plaintiff claimed affected her. Plaintiff's counsel claim in argument that at the time of the accident their client ''was a strong, healthy, fine looking, active woman, aged about 45 years,'' and that she worked as a milliner and dressmaker and as a cook at convenient seasons; that at the time of the accident plaintiff weighed 195 pounds and just prior to the trial she had shrunk to 136½ pounds; that she has not been able to work since the accident.  Dr. Conley testified that plaintiff is suffering from neurasthenia, a tender shoulder joint, which he says is afflicted ''with a dry synovitis,'' and that such afflictions are traceable to traumatism; that she is nervous to the point of hysteria; and that such condition is permanent. . Several witnesses testify to the loss of weight and sickly appearance of plaintiff since the accident.  The defendant's medical witnesses deny that plaintiff's present neurasthenic and nervous condition is traceable to the

injuries described or to the shock of the accident.   Dr.
Peterson, who attended plaintiff directly after the acci-
dent and was supplanted by Dr. Conley, found from a
physical examination that she was suffering from fatty
degeneration of the heart.   He testified that such con-
dition would not in the beginning affect her general
health, but later would have an effect on the general
nervous  condition;  that the condition of plaintiff's
heart which he found could not arise from any form of
violence, and particularly that it could not arise from
an accident which broke an arm, but is a condition of
general progress and development.   The medical men
are, as usual, in irreconcilable conflict as to the cause
of plaintiff's neurasthenic condition, and while Dr.
Conley asserts such condition may be attributable to
traumatism, Doctors Peterson, Kohn, Hall and Green-
field are equally positive that it cannot be so traced.
The great preponderance on this crucial question is
with defendant.   The medical witnesses being of equal
repute for professional attainments and of unimpeach-
able veracity, for aught that appears in the record to
the contrary, it will not do to concede that the testi-
mony of one can overcome that of four and constitute
the preponderance of proof.   Such a finding would be
absurd.   Yet that is practically the effect which the
jury gave to the testimony of these medical witnesses.
It is just as essential and imperative that plaintiff
maintain by a preponderance of the evidence that her
neurasthenic, nervous and synovitis ailments, from
which she claimed to suffer at the time of the trial, are
traceable to traumatism resulting from the accident to
her while she was a passenger on defendant's road, as
that the other injuries from which she suffered were
so traceable.   This measure of proof the law imposed
upon plaintiff as an indispensable  condition to an
award of damages.   It seems to us more in keeping
with plain common sense that if plaintiff was immedi-
ately before the accident a strong, vigorous, healthy
woman, whose body was free from disease and not im-

pregnated with poisons, that she would have readily recovered from the fractured arm and few bruises which immediately resulted from the accident, than to believe that to such injuries are traceable her neurasthenic and other ailments. Certainly the latter theory cannot prevail in the light of the overwhelming medical testimony to the contrary. So far as the verdict awards damages for the neurasthenic, nervous and synovial conditions afflicting plaintiff at the time of the trial, it is excessive. What will be compensation to plaintiff for her broken arm and the bruises on her back, etc., occasioned by the collision of defendant's trains, upon one of which she was a passenger, is the province of the jury to determine. Such damages are of the character designated as "unliquidated," and while trial by jury obtains the parties are entitled to have these damages assessed by such a body. For the excessive award of damages the judgment of the Circuit Court is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Mr. JUSTICE BAKER dissents.