Fourth District—March, 1912. 47

Tomasi v. Donk Bros. Coal & Coke Co., 169 Ill. App. 47.

# Charles Tomasi, Appellee, v. Donk Bros. Coal & Coke Company, Appellant.

1. Mines and miners—*when wilful violation established. Held,* where the uncontradicted proof shows that loose material on the floor at the entrance to a crosscut created a dangerous condition, and that the place was neither marked nor reported by the mine examiner as required by law, that a miner proximately injured as the result thereof was entitled to recover.

2. Damages—*when declaration sufficient to sustain recovery for mental suffering. Held,* that instructions authorizing a recovery for mental suffering were sufficiently supported by allegation in the declaration that the plaintiff ''has suffered and will suffer much pain and anguish on account of said injuries and the loss of his eye.''

Action in case for personal injuries. Appeal from the Circuit Court of Madison county; the Hon. Louis Bernreuter, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 21, 1912. Rehearing denied April 6, 1912.

Wise, Keefe & Wheeler, for appellant; Mastin & Sherlock, of counsel.

Terry & Gueltig, for appellee.

Mr. Presiding Justice Higbee delivered the opinion of the court.

Appellee brought suit for injuries received by him while working in appellant's coal mine, and recovered a judgment against the latter for $1272.33. The declaration was based on alleged violations by appellant of the mining act of this state, and consisted of eight counts. The first alleged that appellee was employed as a miner, in a mine operated by appellant, and was shooting and loading coal in and about room No. 3 off the second stub entry of the fifth west entry; that he shot down the coal by means of blasting powder ignited by a squib, or fuse, lighted by him; that after lighting the squib, he would seek a place of safety

48 APPELLATE COURTS OF ILLINOIS.

Tomasi v. Donk Bros. Coal & Coke Co., 169 Ill. App. 47.

until the shot should be discharged; that before the time of his injury, there had been recent falls around or about the cross-cut or passageway between rooms 3 and 4, which constituted an obstruction in the roadway thereof; that appellant wilfully failed to have its mine examiner inspect said place and observe whether there were any recent falls or obstructions by means whereof, appellee, in the exercise of his duties as a miner, came in contact with said obstructions, was thrown to the ground and prevented from reaching a place of safety; that a shot which had been previously lighted, exploded and threw material against his head, limbs and body, whereby he was bruised and injured and his left eye destroyed. The second count charged that appellant wilfully failed to have its mine examiner place a conspicuous mark at said place as a notice to all men to keep out. The third charged a failure to place such mark and report his findings to the mine manager. The fourth, that appellant wilfully permitted appellee to enter the mine while it was in an unsafe condition and to work therein not under the direction of the mine manager.

The four additional counts substantially repeated one or more charges set forth in the first four but more in detail and in one of them it was also charged that by reason of the weight resting on the props sustaining the roof of the roadway in question, they had become bent and projected into and obstructed the same.

Appellant argues as reasons why the judgment should not be permitted to stand, that it is against the manifest weight of the evidence, that the wilfulness charged was not the proximate cause of the injury and that the fifth instruction given for plaintiff is erroneous.

Appellee, as it appears from the record, was employed with his buddy, Dominick Contratto, in shoot-

ing down and loading coal in appellant's mine in rooms three and four, extending west off of stub entry No. 2 of west entry No. 5. At the same time a man was engaged in cutting coal in the same two rooms with a machine. In working the machine the operator would cut in one room one day and the next day the miners would go into it and shoot down and load up the coal. Rooms three and four ran parallel and the face of each was distant 150 to 200 feet from stub entry No. 2. There were several cross-cuts through the pillar of coal left between these two rooms, the one nearest the face being 21 feet from it and the next one 61 feet further. While appellee was not engaged at work in the first opening, yet it appeared that it was cut through by the machine operator; that props had been put in; that the space was some four feet wide and extended a distance of nine feet, from one room to the other, and was used by the miners as a passageway between the two rooms. It was customary for appellee and Contratto to each put in a shot at the face, at opposite sides, and after the fuses were lighted to seek places of safety until after the explosion.

On the afternoon of the day of the injury, in October, 1909, appellee had gone into a room known as room No. 2 off of said stub entry No. 1, which was some distance from his own room, and fired three shots for a fellow miner who had desired to go home before the time arrived for firing shots in the mine.

Appellant claims that appellee was injured in some manner while firing these shots and there is some circumstantial evidence tending to sustain this claim. The direct proof in the case however sustains the claim of appellee; that after firing said shots he returned to room No. 3 off of said second stub entry, where he and Contratto had each drilled and put in a blast of powder ready to fire; that the shot put in

by appellee was at the face of the mine on the south side next to room 4, and the shot of Contratto on the opposite side of the face; that after his return they started the fuses and Contratto went down room No. 3 while appellee attempted to go through the cross-cut into room No. 4; that as he entered the cross-cut he fell over a lot of slate and other debris, striking his head against one of the props at the entrance to the cross-cut; that when he fell his miner's light went out; that at about the same time Contratto's shot went off, but appellee was not hurt thereby; that almost immediately thereafter, while appellee was trying to regain his feet in the dark, his own shot exploded, throwing a lot of coal against his head and body, with much force, causing, among other injuries, the destruction of his left eye.

It was shown by the proofs that loose materials were constantly falling from the roof and were permitted to remain at and about the place where appellee says he tripped and fell. The operator of the machine testified that some two thousand pounds of material had been lying around there for a week.

The uncontradicted proofs in the case showed that the loose material on the floor at the entrance to the cross-cut, where appellee claims to have fallen, created a dangerous condition and that the place was neither marked nor reported by the mine examiner as required by law. The preponderance of the evidence also showed that appellee was injured at this place and that the dangerous condition which had existed there for some time, was the direct and proximate cause of his injury.

Appellant's criticism of the fifth instruction is, that it told the jury that in estimating plaintiff's damages, if they found he was entitled to recover, they might consider among other things, to what extent, if any, he may have endured physical and mental

suffering, as a natural and inevitable result of his injury, when there was no allegation in the declaration of any kind, claiming damages for mental suffering. It is true as stated in Garvey v. Elevated R. R. Co., 155 Ill. App. 601, that to entitle mental suffering to be included as an element of damages, in cases of personal injury, there must be a suitable averment of the fact of mental suffering in the declaration, but the several counts of the declaration in this case alleged that appellee "has suffered and will suffer much pain and anguish on account of said injuries and the loss of his eye."

We are of opinion that the above allegation contained in each count of the declaration was, when taken in connection with the evidence, showing the nature of the injury suffered by appellee, sufficient to warrant the inclusion of mental suffering as an element of damages. It may also be said that the proof showed appellee's loss of wages and doctor's bills incurred by him, amounted to something over $400, so that the amount allowed him as damages for the loss of his eye and minor injuries, would amount to less than $900, which would not be excessive were the question of mental suffering wholly eliminated.

The judgment in this case will be affirmed.

*Judgment affirmed.*