Villa Taylor, Administratrix of the Estate of Albert Taylor, Deceased, Appellee, v. Alton & Eastern Railroad Company, Appellant.

Heard in this court at the October term, 1929. Opinion filed February 12, 1930. Rehearing denied March 17, 1930.

KEEFE, BANDY & LISTEMAN, for appellant.

M. R. SULLIVAN, for appellee.

MR. JUSTICE NEWHALL delivered the opinion of the court.

Appellant prosecutes this appeal from a judgment rendered against it in the circuit court of Madison county for the alleged wrongful death of appellee's intestate.

The first count of the declaration charged appellant with general negligence in the operation of its train; the second, that the trainmen failed to give warning of the approach of the train and that it had insufficient headlights; the third charged a statutory violation in that appellant's train did not have a lighted headlight on its engine; the fourth charged failure to ring a bell or whistle as provided by statute, and the fifth or additional count charged failure to maintain a crossing watchman.

Plea of general issue was filed by appellant and the evidence on the part of appellee tended to show the following facts:

On September 22, 1928, the deceased and a number of other persons became passengers in a truck which was operated by one Mathews to carry persons from Granite City to Tri-City Park, where a religious meeting was being held. The truck had a cab in the front end where the driver sat. The truck was equipped with seats which extended lengthwise from the cab to the back end of the truck, and in the space between the seats a number of persons were standing at and prior to the accident.

Appellant's railroad track extends in an easterly and westerly direction across what is known as the Edwardsville Road. The track west of the highway extends at a slight angle, making a curve as the railroad approaches from the west. There were five rail-

road tracks that intersected the highway, the third and fourth belonging to appellant and the remaining tracks being owned by other railroads. The accident happened about 7:30 in the evening, it being dark at the time. On the night in question appellant was operating one of its freight trains, consisting of an engine and 57 freight cars, in an easterly direction over the crossing. The position of the engine was reversed, the head of the engine facing west and pulling the freight cars. The tender was attached to the rear of the engine and reached the crossing first as it traveled east.

The Edwardsville Road was a concrete highway, being part of State Highway No. 4; traffic upon same was quite heavy both day and night, and at and prior to the collision there were a number of automobiles traveling in both directions over the crossing. Eight witnesses for appellee, who were riding in the truck, testified that there was no headlight on the front of the train as it approached the crossing and that they did not hear any bell or whistle until the train was within a few feet of the crossing, at which time the truck was about to cross the railroad track.

Twentieth Street intersects the Edwardsville Road a few hundred feet north of the railroad crossing and at this point the truck had made a stop. While the truck was at Twentieth Street, an automobile, driven by appellee's witness Patton, drove south on the Edwardsville Road and the truck followed the Patton car towards the railroad crossing. Another car, driven by appellee's witness Stark, passed the truck about 75 feet north of the railroad crossing. Patton and Stark testified that there was no light on the front end of the tender and that they heard no warning of any kind. The front end of the tender struck the truck on the right-hand side, demolishing the truck. The occupants were thrown to the ground and appellee's intestate was run over by the wheels of the en-

gine, causing his death. At, or just prior to the collision, the engineer applied the brakes and the train was stopped after running about two car lengths east of the crossing. Prior to the accident the deceased was seated on the east side of the truck about eight feet from the cab and was facing towards the west. The speed of the truck was estimated by the witnesses for the appellee at from 10 to 15 miles per hour on the highway as it neared the crossing and the speed of the train at from 12 to 15 miles per hour.

Testimony on behalf of appellant consisted mainly of its trainmen, being the engineer and fireman and two brakemen who were riding in the cab of the engine. These witnesses testified that a headlight was burning at and prior to the accident; that the bell had been ringing continuously for a considerable period of time and that a crossing whistle had been given some 500 or 600 feet prior to reaching the crossing. Three other witnesses testified for appellant, one of whom stated that he approached the crossing from a direction opposite that in which the truck was going, and that before the truck reached the crossing he heard the whistle and saw the headlight on the tender. The witness Weston testified that when he was at a point north of the railroad crossing, near Twentieth Street, he heard the train whistle and the bell rung and afterwards heard the crash between the truck and the train. The witness Thelma Wilkins testified that she was riding in the truck and that as the truck arrived at the crossing she looked around in the direction the train was coming from and saw a light.

At the conclusion of appellee's testimony, and again at the conclusion of all of the testimony, appellant made a motion for a directed verdict, which was denied. The case was submitted to the jury and a verdict for $5,000 damages was returned, and after a motion for new trial was overruled judgment was entered upon the verdict.

The first alleged error relied upon for reversal is that the persons riding in the truck were guilty of contributory negligence in failing to use the degree of care which one is required to use in approaching a railroad crossing and that the trial court erred in not directing a verdict for appellant because it is claimed the proof shows that appellee's intestate was not in the exercise of reasonable care for his own safety. It is urged that if appellee's intestate had looked, at the time the truck approached the railroad crossing, he could have observed the train in time to have warned the driver of the truck. Whether or not that is the fact depends to some extent upon the degree of light at the time and whether as a matter of fact appellant's train had such a headlight thereon as would be visible to one who did look before crossing the tracks. In any event a failure to look and listen cannot be said to be negligence as a matter of fact or law since there may be circumstances excusing such failure. *Elgin, J. & E. R. Co. v. Lawlor,* 229 Ill. 621.

The proof tends to show that several persons, riding in the truck, did not see or hear the approaching train until just before the impact, when it was apparently too late to avoid the accident. At least eight witnesses testified that there was no headlight on the approaching train and that they heard no bell or whistle which would give timely warning of the approach of the train. The deceased was sitting in the rear of the truck about 10 feet from the driver, facing the direction from which the train was approaching, and there is no direct evidence that the deceased was able to see or hear the train in time to have warned the driver. If the other persons riding in the truck, who testified that they saw no headlight on the train and that they did not see or hear the approaching train in the darkness until it was almost in contact with the truck, it would perhaps be a fair inference that the

deceased could not. Under the conflicting evidence it was a question of fact for the jury to determine whether or not the deceased was exercising reasonable care for his own safety. The negligence of the driver of the truck could not be imputed to the deceased and the law imposes upon him the duty to exercise such care as a reasonably prudent person would exercise under the circumstances shown by the evidence. *Opp v. Pryor,* 294 Ill. 538. We are of the opinion that whether or not the deceased was exercising due care at and prior to the accident was a question of fact for the jury to determine under the conflicting evidence in the record, and we cannot say that their verdict in this respect was manifestly against the weight of the evidence.

Appellant also contends the driver of the truck was the agent of the deceased, in that it is to be presumed that the persons riding in the truck had hired the driver for the purpose of transporting these passengers. The evidence merely shows that deceased, with others, was riding in the truck being driven by one Mathews, without any facts being shown from which it could necessarily be inferred that the deceased, or the others riding in the truck, had hired the driver or that the driver was in any way subject to their control or direction. In this state of the record we cannot agree with appellant's contention that the negligence of the driver, if any, should be imputed to appellee's intestate. Even if the negligence of the driver caused or contributed to the accident it would not excuse appellant for an injury to one who was without fault or negligence. *Nonn v. Chicago City R. Co.,* 232 Ill. 378.

It is further urged that the court erred in sustaining objections to questions propounded to the witness Taylor as to the contents and allegations of a petition alleged to have been filed by the witness's attorney in

a court in the City of St. Louis, which were supposed to be inconsistent in some respects with his testimony on the stand. The alleged matter of impeachment was not in any paper or writing signed by the witness, and did not come under any rule of evidence for the impeachment of a witness. The declaration was the product of the attorney for the witness and it was not even necessary that proof of the charges be made by the testimony of the witness. *Wendzinski v. Madison Coal Corp.*, 282 Ill. 32.

In appellant's statement of errors, relied on for reversal, no claim is made that the evidence does not tend to prove the charges of the negligent operation of appellant's train. In the argument the contention is urged that the believable evidence supports appellant's theory that the train had a headlight and that the bell and whistle were sounded as required by the statute. The record shows that several witnesses who were riding in the truck, as well as three others who were at the crossing just before the accident, took issue with the trainmen as to their version of the warning signals given and the condition of the headlight. We deem it unnecessary to further review and discuss the testimony of the various witnesses concerning the giving of these statutory signals, and we are of the opinion that the evidence amply supports the charges of negligence alleged in the declaration.

The proof shows that the Edwardsville Road was a concrete State highway, with considerable traffic both day and night. The engineer testified that as he approached the crossing he saw the truck coming close thereto; that another automobile passed ahead of the truck over the crossing and that the tender of the engine just missed striking it; that before he reached the crossing he had observed a lot of traffic going both ways on the highway. Aside from the requirements of the statute, persons handling trains approaching

crossings are required to use reasonable care, and what is such a degree of care is a question of fact depending upon the local conditions. One of the numerous conditions which would be material for the consideration of the jury would be the extent to which the crossing is used. *Elgin, J. & E. R. Co. v. Lawlor, supra.*

Appellant also urges that the instructions given on behalf of appellee were erroneous. Appellee's first instruction was erroneous and should not have been given in view of the holding in the late case of *Malloy v. Chicago Rapid Transit Co.*, 335 Ill. 164, but taking into consideration the wording of the first and second instructions offered by appellant to the effect that appellee was required to prove her case by a preponderance of the evidence, we are of the opinion that under all of the circumstances of the case the giving of this instruction was not in and of itself reversible error.

Appellee's second instruction is criticised because it is claimed there was no evidence tending to show due care by the deceased, and that the instruction assumes there was some contractual relation between the deceased and the driver of the truck. This instruction was approved in *Chicago City Ry. v. Nonn*, 133 Ill. App. 365, and the law on imputed negligence was stated at length in the same case reported in 232 Ill. 378.

Appellee's third instruction is also questioned, but this instruction was held good in the case of *Rautman v. Chicago Consolidated Traction Co.*, 156 Ill. App. 460, and we are of the opinion that there is no merit in counsels' criticism of this instruction.

The fourth and final instruction offered on behalf of appellee is objected to by appellant because of reference to the limit of damages fixed by statute in death cases. The damages awarded were only one-half the amount fixed by the statutory limit and no

assignment of error is argued which raises the question that the damages assessed were excessive or not warranted by the proof in the case. In *East St. Louis Connecting Ry. Co. v. O'Hara,* 150 Ill. 580, it was held that a reference to the *ad damnum* in the declaration is not to be commended, but if the jury was not misled or unduly influenced by such reference, it was not reversible error. In *Davis v. Michigan Cent. R. Co.,* 294 Ill. 355, it was held that an instruction referring to the *ad damnum* was faulty, without further explanation thereof, but where a party was not prejudiced thereby, it was not reversible error.

We are of the opinion that there was no reversible error in the record and accordingly the judgment of the circuit court of Madison county is affirmed.

*Affirmed.*