THE CHICAGO CITY RAILWAY COMPANY

*v.*

FRED NONN.

*Opinion filed October 23, 1907.*

BRIEFS—*briefs in a case at law which discuss facts only, and intermingle brief and argument, will be stricken from files.* Upon appeal to the Supreme Court from the Appellate Court in a suit at law, briefs and arguments given over to the discussion of questions of fact which by the plain provision of the statute are not for the determination of the Supreme Court, and which commingle the brief and the argument indiscriminately, in violation of the rule of court, will not be considered by that court but will be stricken from the files.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding.

This is an appeal from the judgment of the Appellate Court for the First District affirming a judgment of the superior court of Cook county recovered by appellee against the Chicago City Railway Company, appellant, in an action on the case for personal injuries.

The declaration, which contained but one count, alleged that on the 8th day of March, 1904, the defendant possessed and operated a certain double track street railway upon and

along Sixty-third street, in the city of Chicago; that said cars were operated by electricity; that at that time plaintiff was employed by Siegel, Cooper & Co. as a helper to the driver upon one of their delivery wagons; that at the time and place aforesaid he was riding in one of said company's wagons being driven across the street car tracks of defendant in a northerly direction, at the intersection of Yale avenue and said Sixty-third street; that while exercising ordinary care and caution for his own safety the defendant, through certain of its servants in charge of an east-bound car on said tracks, so negligently, carelessly and improperly ran, managed and operated said car that as a direct result thereof it collided with the wagon in which the plaintiff was riding, and he was thereby hurled violently a great height in the air and fell violently to and upon said wagon and ground, and was severely and permanently injured. The general issue was interposed. At the close of all the evidence defendant moved the court for a peremptory instruction to the jury to find the defendant not guilty, which was denied. After overruling a motion in arrest of judgment and a motion for a new trial, judgment was entered upon the verdict.

The grounds relied upon for reversal, to quote appellant's counsel, are: "(1) That the verdict is not justified by the evidence; (2) for errors in the refusal to submit to the jury proper instructions at the request of appellant and in the submission of improper instructions at the solicitation of appellee."

WILLIAM J. HYNES, and WATSON J. FERRY, for appellant.

JAMES C. McSHANE, for appellee.

Per CURIAM: In this case appellant has filed a brief and argument in which the statement occupies six pages, the brief four pages and the argument forty pages. One page of the argument is devoted to demonstrating that the court

erred in passing on instructions, and practically the whole of the remainder thereof is an attempt to show that the verdict is contrary to the weight of the evidence, the conclusion of counsel on that subject being, that "the overwhelming weight of the evidence shows that he (the motorman) was in the exercise of all the care that would have been required of him had the point in question been at a street crossing, and shows with equal force that the driver of the wagon was in the exercise of none whatever." Whether or not the statement just quoted is true is in this court wholly a matter of indifference.

Appellee states that the judgment of the Appellate Court is final as to the facts, but says that in order to meet the issue raised by his opponent he argues the same question of fact discussed by it, and then proceeds to do so. In the preparation of his brief appellee has not followed rule 15 of the rules of practice, but has intermingled brief and argument, and has used fourteen pages of the document in setting out, as part of his argument, an abstract of the evidence of certain of the witnesses.

We will not consider briefs and arguments given to the discussion of a question which by the plain and unmistakable provisions of the statute is not for our determination.

The order taking the cause under advisement will be set aside, the briefs of the parties will be stricken from the files and the cause continued. Appellant will be given until the tenth day of November next in which to file a brief and argument presenting questions open to consideration in this court. Appellee will have until the twentieth day of the same month in which to file his brief and argument devoted to like questions, and appellant will then have five days in which to reply, all the briefs and arguments to be so prepared as to conform to the rules with reference thereto.

*Briefs stricken.*