FRED NONN, Appellee, *vs.* THE CHICAGO CITY RAILWAY COMPANY, Appellant.

*Opinion filed February 20, 1908.*

1. NEGLIGENCE—*when negligence of driver of wagon cannot be imputed to passenger.* The negligence of the driver of a delivery wagon who was in sole charge of the team cannot be imputed to another employee who was riding in the wagon to assist in making the deliveries, and who, without any fault on his part, was injured as the result of the combined negligence of the driver and a street car company.

2. FELLOW-SERVANTS—*third persons cannot take advantage of fellow-servant rule.* The rule respecting the effect of negligence of a fellow-servant applies only to actions by the injured servant against the common master, and cannot be invoked by a stranger whose negligence combined with that of the other servant in causing the injury.

3. BRIEFS—*counsel should not argue points not reviewable in Supreme Court.* Upon appeal from a judgment of the Appellate Court affirming the judgment of the trial court in a suit at law, counsel should not argue questions of fact which are not reviewable by the Supreme Court.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. GEORGE A. DUPUY, Judge, presiding.

WILLIAM J. HYNES, and WATSON J. FERRY, for appellant.

JAMES C. MCSHANE, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This appeal is prosecuted to reverse a judgment of the Appellate Court affirming that of the superior court of Cook county in favor of appellee and against appellant for $1500, recovered for personal injuries sustained by appellee as the result of a collision between one of appellant's street cars and a wagon in which appellee was riding.

The accident occurred at Yale avenue and Sixty-third street, in the city of Chicago, about six o'clock in the evening of March 8, 1904. Sixty-third street extends east and west and Yale avenue runs into it from the south. A double-tracked street railway was controlled and operated by appellant along Sixty-third street at this point, the cars being propelled by electricity. The north track was the west-bound and the south the east-bound track. At the time of the accident appellee was in the employ of Siegel, Cooper & Co., proprietors of a large department store, as an assistant to one Lepthien, who was driver of a large bulk delivery wagon of that establishment. The wagon was drawn by two horses and had a top over the body, the side curtains being then rolled up. At the time in question the wagon

was being driven north along Yale avenue, on its homeward trip. As that street does not run north of Sixty-third, the route of the wagon lay west in Sixty-third street about one hundred and fifty feet to Princeton avenue, and then north in Princeton avenue. As the wagon crossed the east-bound or south track, one of its hind wheels was struck and the wagon turned over by a car going east. Lepthien was sitting on the seat, driving. Appellee was back in the body of the wagon, but just the particular thing he was doing immediately prior to the accident is uncertain, for the reason that the driver was not noticing him and appellee himself was rendered unconscious and remembered nothing until after he came to at the hospital. He testified that he did not see the car or know of its approach. The testimony tends to show, however, that he was getting the delivery ready for the next stop.

Counsel for appellant contend that appellee was engaged with the driver, as a fellow-servant of a common master, in a joint undertaking, and had the same authority to direct the conduct of the driver that the driver had to direct appellee's conduct; that both were upon an equal footing in that regard, and that therefore the negligence of the driver would be imputed to the appellee. The evidence in this record shows, without contradiction, that the driver, Lepthien, was in charge of the wagon. The driver positively testified to this, as well as the appellee. It is true, the evidence is to the effect that the appellee, between the places of delivery, would look up where the next delivery was to be made and inform the driver, but it is manifest from this record that the driver was as much in control of the wagon and of appellee as if he had been the owner of the team and wagon in his own business. There has not been a scintilla of evidence pointed out which indicates that appellee could direct or control the movements of the wagon or the method of driving. The driver was in sole charge. This being the state of the record, we cannot agree with ap-

pellant's contention that the negligence of the driver, if any, would be imputed to appellee. Even if the negligence of the driver caused or contributed to the accident, it would not excuse appellant for an injury to one who was without fault or negligence. *Chicago and Alton Railroad Co.* v. *Vipond,* 212 Ill. 199.

The case of *City of Joliet* v. *Seward,* 86 Ill. 402, cited twice in appellant's brief, is considered and distinguished by this court in the *Vipond case, supra.*

We held in *Chicago Union Traction Co.* v. *Leach,* 215 Ill. 184, that if a street car company was guilty of negligence in running against a hired carriage in which plaintiff was riding, it was not relieved of liability because the driver of the carriage was also negligent. Appellant cites and relies upon this case, where the doctrine is stated that if such an accident were solely attributable to the fact that the driver turned across the track when he was too near to enable the motorman to stop, there would be no negligence of the defendant and no liability. If the accident here in question was caused solely by the negligence of the driver, and the street car company was not guilty of any negligence, then appellant could not be held liable. But that is a question, under proper instructions, to be submitted to the jury, as it was in this case. There can be no such thing as imputable negligence, except in those cases where such a relation exists as that of master and servant or of principal and agent. In order that the negligence of one person may be properly imputed to another, they must stand in such relation of privity that the maxim *qui facit per alium facit per se* directly applies. (*Union Pacific Railway Co.* v. *Lapsley,* 2 U. S. Cir. Ct. of App. 149; 7 Am. & Eng. Ency. of Law,—2d ed.—p. 448, note 2; *McKernan* v. *Detroit Citizens' Street Railway Co.* 101 N. W. Rep. 812, and cases cited; *Marden* v. *Portsmouth, K. & Y. Street Railway Co.* 60 Atl. Rep. 530.) Whatever may be the doctrine of some of the earlier cases in other jurisdictions, not only our own

recent decisions, but the great weight of authority, is to the effect that where a person injured is without fault and has no authority over the driver of a private conveyance, the negligence of the latter cannot be imputed to the injured person so as to defeat the recovery against a third party for the concurring negligence of the driver and such third party.

The doctrine of contributory negligence on the part of a fellow-servant cannot be invoked by a stranger against an injured party. The law is well settled that in such a case as to the stranger the rule of fellow-servant does not apply. *Chicago and Alton Railroad Co.* v. *Raidy,* 203 Ill. 310, and cases cited.

There is no evidence to indicate that the appellee was negligent in any manner, and the only claim is that the negligence of the driver, if any, must be imputed to him. Considering all the evidence we cannot say that it necessarily leads to but one conclusion. The evidence as to whether the collision was caused by the negligence of appellant's employees was properly submitted to the jury, and on the record before us this court cannot interfere. *Chicago Union Traction Co.* v. *Jacobson,* 217 Ill. 404.

Appellant complains of the refusal of one instruction asked by it and the giving of an instruction asked on behalf of appellee, on the question of the negligence of the driver being imputed to appellee. What has been said heretofore as to imputed negligence covers the points raised as to both these instructions. The court did not err in refusing the one or in giving the other instruction.

Counsel for appellant argue at length that only as great a degree of care must be exercised by the employees of a street railway company where one street stops at another street (as Yale does at Sixty-third) as would be required in the center of a block, and not as great as at the intersection of two streets, as would have been the case had Yale extended both north and south of Sixty-third street. It is not claimed that there was any error in the court's instruc-

tions or rulings on this point, but only that the street car
of the appellant was entitled to the paramount right of way
along Sixty-third street in passing the north end of Yale
avenue, the same as cars in the middle of the block, under
the rule laid down in *North Chicago Electric Railway Co.*
v. *Peuser,* 190 Ill. 67, and *West Chicago Street Railroad
Co.* v. *Petters,* 196 id. 298, and that this rule should have
weight in deciding whose negligence caused this collision.
All the evidence as to the negligence of the various parties
was before the jury. In view of our holding on the other
questions we deem it unnecessary to consider or decide this
one.

At a former term this case was submitted to this court
on briefs. These briefs were stricken from the files on the
ground that they were not in compliance with the rules,
being an attempt to re-argue controverted questions of fact
decided by the Appellate Court. (*Chicago City Railway Co.*
v. *Nonn,* 229 Ill. 191.) The present briefs of appellant are
not entirely free from this fault, as they discuss a number
of questions, with numerous citations of authorities, where-
in the judgment of the Appellate Court is final and binding.
This has caused unnecessary work in reaching a conclusion
on the points that are properly reviewable here. The evi-
dence as to the speed at which the car was approaching and
at which the wagon attempted to cross the tracks, as well
as the distance the car was away when the wagon reached
Sixty-third street, and as to how far the car moved after
the accident, is sharply conflicting and not strongly prepon-
derating, if it preponderates at all, in favor of appellant.
The comparative weight that should be given to the testi-
mony of witnesses who testified as to the bell ringing or
not ringing at the approach to the crossing, in view of the
present record, cannot be considered by this court. By the
terms of the statute all controverted questions of fact are
settled by the judgment of the Appellate Court when it ap-
proves the verdict of the jury, and the only question of fact

that can be considered here is whether there is any evidence in the record fairly tending to support the plaintiff's cause of action. (*Chicago and Eastern Illinois Railroad Co.* v. *Snedaker,* 223 Ill. 395, and cases cited.) This court in this case has nothing to do with the weight of the evidence. We would be greatly assisted in the disposition of cases if counsel would more carefully distinguish, in writing their briefs, as to the points that are fairly reviewable on appeal to this court.

Finding no error in the record the judgment of the Appellate Court will be affirmed. *Judgment affirmed.*