### Cynthia A. Dudley, Appellee, v. Peoria Railway Company, Appellant.

### Gen. No. 5,224.

1. APPEALS AND ERRORS—*when sufficiency of evidence and excessiveness of verdict not presented for review.* If the abstract filed on appeal does not show the amount of the verdict and does not show that the bill of exceptions contains any ruling upon the motion for a new trial or any exception to that ruling or any exception to the judgment of the court, the sufficiency of the evidence and the excessiveness of the verdict are not preserved for purposes of review.

2. INSTRUCTION—*when properly refused because not confined to particular counts.* Notwithstanding an instruction asked by the defendant may be proper under a particular count or counts, it is properly refused if it is not good as to certain other counts and its scope is not limited to the counts as to which it is proper.

3. INSTRUCTIONS—*must not be argumentative.* An instruction argumentative in form is properly refused.

4. INSTRUCTIONS—*when upon ordinary care properly refused.* An instruction upon this subject is properly refused if it omits elements which the jury have a right to consider in determining the question as to the exercise of ordinary care.

5. INSTRUCTIONS—*need not repeat.* An instruction correct in form may properly be refused, if its contents is contained in another instruction given.

6. EVIDENCE—*what competent by way of impeachment.* A statement made out of court inconsistent with his testimony as a witness may if denied by such witness be shown by way of impeachment.

7. NEGLIGENCE—*when doctrine of imputed, does not apply.* The negligence of the driver of a private vehicle is not imputed to a person riding with him by his invitation, or to a person who has no control over the driver, and this principle applies to the relation of husband and wife.

Action in case for personal injuries. Appeal from the Circuit Court of Peoria county; the Hon. LESLIE D. PUTERBAUGH, Judge, presiding. Heard in this court at the April term, 1909. Affirmed. Opinion filed March 11, 1910.

PINKNEY & McROBERTS, for appellant.

DAILEY & MILLER, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

Appellee was sitting in a buggy standing next to the curb on a street in the city of Peoria upon which appellant operated a double track street railway line. Her husband got into the buggy, and taking the reins, drove across the track, directly behind a car that passed on the nearest track, and the buggy was struck by a car going in the opposite direction on the other track, and appellee was thrown out and injured, and she brought this suit to recover damages for the in-

jury. The abstract shows us that there was a verdict against appellant and a judgment thereon, but for how much does not appear. Defendant below appeals to this court.

Rule 16 of this court (137 Ill. App. 625) requires the party bringing a case to this court to file a printed abstract or abridgement of the record, fully presenting every exception relied upon and every error alleged. The abstract filed by appellant here sets out the evidence and instructions, and that there was a verdict against appellant and a motion for a new trial. It does not show the amount of the verdict or judgment. It does not show that the bill of exceptions contains any ruling upon the motion for a new trial or any exception to that ruling or any exception to the judgment of the court. Without such an exception in the record, the question whether the evidence warranted a verdict for appellee and whether the damages were excessive are not presented for consideration. Yarber v. C. & A. Ry. Co., 235 Ill. 589. Rules similar to that above referred to have been in force in the Supreme Court of this state for many years, and in the Appellate courts of this state since their organization, and it has been uniformly held that while the court may, of its own motion, search a record for the purpose of finding reasons, not shown in the abstract, for affirming the judgment, yet the court is not required to search a record for the purpose of finding some exception or error which the appealing party has not seen fit to insert in his abstract. Such a search would devolve upon the court of appeal a great and unnecessary labor. It is easy for counsel familiar with the record to insert in the printed abstract every exception relied upon. No reason is perceived why the court should search for errors which counsel have not seen fit to present in the abstract. We therefore hold that the question whether the evidence is sufficient to support the verdict is not presented by this abstract, and that only rulings upon evidence and instructions, to

which the abstract shows an exception, are before us for review.

John M. Hardin was the motorman in charge of the car which struck the buggy in which appellee was riding, and he was called as a witness for appellant. One count in the declaration set up an ordinance of the city which required a gong to be placed on each end of the car on the outside, and that it should be sounded or rung at least one hundred feet from the place where the street railroad track crossed any other public street, and that it should be kept sounding until such street was reached, and that count charged a violation of said ordinance by this motorman. The evidence shows that the place where the accident occurred was less than one hundred feet from a street crossing, and appellee introduced evidence tending to show that the gong on this car was not sounded. Hardin testified for appellant that he was sounding this gong at the time of the accident and for more than one hundred feet before reaching that place. On cross-examination Hardin admitted that about a week before the trial he had a conversation with appellee at her home. He was then asked if in that conversation he did not say: "I have some good evidence against the company for you," and "I did not ring the bell in that block." He denied making those statements in that conversation. In rebuttal the attention of appellee was called to that conversation at that time and place, and she was then asked if Hardin, in that conversation, made those statements. Appellant objected to the question whether Hardin said to her: "I have some good evidence against the company for you," and the objection was overruled and appellant excepted and the witness answered that he did. Appellee was then asked whether Hardin then said to her: "I did not ring the bell in that block." That question was not objected to and the witness answered that he did. It is argued that the court committed error in overruling the objection just mentioned. The evidence of Hardin had already shown that he was not in the employ of

appellant at the time of that conversation and it is insisted that appellant cannot be bound by this declaration made by its former motorman, and that such a declaration is never admissible unless made at the very time of the transaction and as a part of the *res gestae*.   This is a misapprehension of the purpose for which the evidence was offered.  If appellee had offered Hardin's declarations as affirmative evidence in her behalf in chief, it would not be competent because not a part of the *res gestae;* but this was introduced by way of impeachment.  Hardin testified for appellant that he was ringing the gong before and at the time of the accident in compliance with the ordinance.  It was competent to ask him on cross-examination if he had not at another time and place made a statement inconsistent with that testimony.  If he had admitted making the inconsistent statement, appellee could not have been permitted to testify on that subject.  But when he denied the inconsistent statement, it was competent to prove, by way of impeaching Hardin, that he did at the time and place mentioned say that he did not ring the bell in that block.

It is argued that the court erred in refusing three instructions requested by appellant.  The first refused instruction said that if appellee had certain knowledge concerning the method of operating these street cars, then the jury should take that knowledge into consideration in determining whether she exercised that degree of care which a prudent person would have exercised under like circumstances, and if she did not, she could not recover.  The instruction omitted several matters which would have a bearing on the question whether she exercised due care, as, for instance, whether she knew that the gong was required or accustomed to be rung when an approaching car was at that distance from an intersecting street, and whether she knew that no bell was being rung in her vicinity at that time.  It also omitted all reference to the fact that she was not driving the horse.  The instruction was really

argumentative. An instruction given at appellant's request required the jury to find appellant not guilty unless appellee had shown by the greater weight of the evidence that immediately prior to and at the time of the accident she was free from any negligence which contributed to the accident. We are of opinion that it was not error to refuse the instruction under discussion. The second refused instruction was to the effect that if notice that the horse and buggy were being turned across the track in front of the car came too late to the servant in charge of the car to stop it by the exercise of ordinary care without injuring the plaintiff, then the jury would find the defendant not guilty. That instruction would have been good if it had been confined to certain counts of the declaration. But it was not a good instruction under that count of the declaration which was based upon a violation of the ordinance requiring the gong to be sounded continuously within one hundred feet of an intersecting street. It was therefore properly refused. The third refused instruction said that if the accident resulted solely from the manner in which the husband of appellee managed the horse and buggy and that such manner was negligent, then plaintiff could not recover. This was not saying that the contributory negligence of the husband who was driving would be imputed to the wife who was riding with him and would bar her recovery even if defendant also was negligent, contributing to the injury. On that subject the generally recognized rule seems to be that the negligence of the driver of a private vehicle is not imputed to a person riding with him by his invitation, or to a person who has no control over the driver (Yeates v. I. C. R. R. Co., 241 Ill. 205, 213), and that this principle applies to the relation of husband and wife. 1 Thompson on Negligence, secs. 502, 504; 2 Thompson on Negligence, sec. 1621. The case of City of Joliet v. Seward, 86 Ill. 402, tends to place Illinois outside the general accepted rule, but that case seems to be departed from in prin-

ciple in C. & A. R. R. Co. v. Vipond, 212 Ill. 199, and Nonn v. Chicago City Ry. Co., 232 Ill. 378. But here the case supposed by the instruction is where the negligence of the husband driving is the sole cause of the accident. In such case no negligence has been proven against the defendant, contributing to the accident, and the first instruction given for appellant told the jury that if the injury was not the result of the negligence of appellant, as charged in some count of the declaration, then they should find the appellant not guilty. To the same effect was the fourth instruction given for appellant. This was but a repetition of that doctrine, and it was therefore not error to refuse it. Union Traction Co. v. Leach, 215 Ill. 184.

The abstract does not show any reversible error, and the judgment is therefore affirmed.

*Affirmed.*