## Mary J. Hess, Appellee, v. Iven J. Hoyt, Appellant.

### Gen. No. 5467.

1. NEGLIGENCE—*when doctrine of imputed does not apply*. The negligence of the driver of a vehicle is not to be imputed to a guest riding with him while personally in the exercise of all the care which ordinary caution requires so as to preclude the guest from recovering from a third person for personal injuries proximately resulting from his negligence, where the driver is not the agent of or under the control of the passenger.

2. NEGLIGENCE—*effect of concurring*. Where a person in the exercise of ordinary care was injured by the combined negligence of the defendant and a third person, the defendant will still be liable.

Action in case for personal injuries. Appeal from the Circuit Court of Iroquois county; the HON. FRANK L. HOOPER, Judge, presiding. Heard in this court at the April term, 1911. Affirmed. Opinion filed October 13, 1911. Rehearing denied November 23, 1911.

NELLIE B. KESSLER, for appellant; F. R. MOORE, of counsel.

J. H. CAREY and L. D. PERRIGO, for appellee,

MR. PRESIDING JUSTICE GEORGE W. THOMPSON delivered the opinion of the court.

On the 7th of January, 1910, Iven J. Hoyt was engaged in felling a tree about fifty feet high situated in a lot about twelve feet south of the south line of Elm street in Watseka. The tree leaned slightly to the north and he desiring to make the tree fall to the south tied a rope to it about thirty-five feet from the ground. The other end of the rope was tied to a tree ninety feet south in the lot, but the rope was left slack. He cut into the tree first on the south side then on the north side with an axe.

Mrs. Mary J. Hess was engaged as a domestic in the home of J. Miller four miles from Watseka. On the morning of that day Fred Miller, the son of her employer, drove her and her children to Watseka in a bob sled, to meet a married daughter. The sled had on it a double wagon box and the day being cold the parties, except the driver who stood in the front end of the box, were seated on straw in the bottom of the box. In the middle of the afternoon when they were returning in the sled to the home of Miller the tree which Hoyt was cutting down, fell across the street breaking the rope with which Hoyt had expected to make the tree fall to the south and struck Mrs. Hess seriously injuring her. She brought suit against Hoyt to recover damages and recovered a verdict and judgment for $500 from which Hoyt prosecutes this appeal.

The appellant contends that the court erred in refusing to give an instruction requested by appellant telling the jury that if appellee placed herself in the care of the driver and if her injuries were caused by the negligence of the driver, then the negligence of the driver would be imputed to appellee and they should find appellant not guilty, and cites as authority for this instruction the City of Joliet v. Seward, 86 Ill. 402. The rule is that the negligence of the driver of a vehicle is not to be imputed to a guest riding with him while

personally in the exercise of all the care which ordinary caution requires so as to preclude the guest from recovering from a third person for personal injuries proximately resulting from his negligence, where the driver is not the agent of or under the control of the passenger. Flynn v. Chicago City Ry. Co., 250 Ill. 460; C. & A. R. R. Co. v. Vipond, 212 Ill. 199; Nonn v. C. C. Ry. Co., 232 Ill. 378; Seith v. Commonwealth El. Co., 241 Ill. 252; Siegel Cooper & Co. v. Trcka, 218 Ill. 559; Dudley v. Peoria Ry. Co., 153 Ill. App. 619; Gaffney v. City of Dixon, 157 Ill. App. 589; Thompson on Neg., secs. 502, 504, 1621; Schultz v. Old Colony St. Ry. Co., 8 L. R. A. (N. S.) 597 and note.

Even if it had been shown, that Fred Miller was negligent in his driving, such negligence could not be imputed to the appellee unless it was because of her fault. Where a person in the exercise of ordinary care was injured by the combined negligence of the defendant and a third person the defendant will still be liable. The appellant claims that he was standing back thirty feet in the lot and called to the driver just before the tree fell. Miller testified that he did not hear anything. Before beginning his work of felling the tree Hoyt supposed he had anchored the tree so that it would fall away from the street. Every person passing on a street has a right to presume that it is safe for the purpose of travel with ordinary care. Smith v. McDowell, 148 Ill. 51.

Neither appellant nor the driver of the sleigh had any occasion to anticipate danger, there being nothing in the street to indicate danger or give notice that the tree was about to fall across it. The appellant was clearly guilty of negligence. The proof shows that the appellee was in the exercise of due care and does not show that the driver was under the control of appellee. The instruction was properly refused and the judgment is affirmed.

*Affirmed.*