# Grace L. Ferry, Administratrix, Appellee, v. City of Waukegan, Appellant.

## Gen. No. 6,400.

1. TRIAL, § 195*—*when instruction to find for defendant is properly refused.* An instruction to find for the defendant must be refused where there is evidence fairly tending to make a case for the plaintiff, even if the evidence is such that, if a verdict was returned for the plaintiff, the court would feel bound to grant a new trial.

2. APPEAL AND ERROR, § 1735*—*when former decision not controlling on second appeal.* Where a former judgment in a personal

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

injury case was reversed on the ground that there was evidence fairly tending to make a case for the plaintiff and that the court was not warranted in directing a verdict for the defendant, and, on appeal from a judgment in favor of plaintiff in the second trial, it was claimed that such former decision was decisive, *held* that such former decision did not determine that a weighing of the evidence on a motion for a new trial or on an appeal would support the verdict, and that therefore the merits must be considered on the second appeal.

3. MUNICIPAL CORPORATIONS, § 1098*—*when evidence sufficient to sustain finding that automobile ran over material in street.* In an action against a city for death caused by plaintiff's intestate being thrown from an automobile which struck something while running along a street in the nighttime, where the plaintiff claimed that the automobile struck a pile of building material contained in the street, and the defendant claimed that the driver ran against the curb and thereby produced the accident, and did not run over the pile of material, evidence *held* sufficient to sustain the finding that the automobile ran over the material.

4. MUNICIPAL CORPORATIONS, § 1098*—*what constitutes prima facie case of negligence due to allowing building material on street.* In an action against a city for death caused by plaintiff's intestate being thrown from an automobile which in the nighttime struck against a pile of building material in a street, where it appeared that the material had been in the street for an unreasonable length of time, and that a considerable time before the accident in question the city was notified that it was dangerous to have the pile there at night without danger signals on it, and that the proper officers had promised to have that attended to, but nothing was done, *held* that the jury could reasonably find that it was negligence for the city to have the material in the street at the time of the accident, and that plaintiff had therefore made a prima facie case.

5. APPEAL AND ERROR, § 1265*—*when presumed that jury found against defendant as to contributory negligence of occupant of automobile.* In an action against a city for death caused by plaintiff's intestate being thrown from an automobile in which he was being driven, upon its striking a pile of material in a street, where the accident occurred about half an hour after sundown, and the lamps on the automobile were not lighted, and the defendant claimed that the failure to light up was in violation of section 4 of the Motor Vehicle Act of 1911 (J. & A. ¶ 10004), requiring motor vehicles to carry lamps from sunset to one hour before sunrise, and that such negligence of the driver was also attributable to the deceased, who was aware that the lights were not lit, *held* that it was not clear

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

from the evidence that the failure to have lights on the automobile contributed to the accident, and as the instructions were not in the abstract and no complaint was made concerning them, it must be presumed that proper instructions were given concerning the contributory negligence of the deceased, and that the jury determined that fact against the defendant.

6. MUNICIPAL CORPORATIONS, § 1098*—*when evidence in action against city sufficient to sustain finding for plaintiff as to speed of automobile.* In an action against a city for death caused by an automobile in which deceased was riding striking a pile of material in a street, where the evidence was conflicting as to whether the speed of the automobile exceeded the limit of fifteen miles per hour as fixed by section 10 of the Motor Vehicle Act (J. & A. ¶ 10010), and it appeared that the blood upon the pavement furthest from the material was seventy-five to eighty-two feet therefrom, and it was claimed that this required the jury to find that the speed greatly exceeded fifteen miles per hour, but there was the positive evidence of several witnesses that the speed was less than fifteen miles per hour, evidence *held* sufficient to sustain a finding for plaintiff as to the speed of the automobile.

7. NEGLIGENCE, § 112*—*when negligence of driver of vehicle not bar to recovery by passenger.* Negligence of the driver of a vehicle does not usually bar recovery against a third person by a passenger who has no control over the driver.

Appeal from the Circuit Court of Lake county; the Hon. CLAIRE C. EDWARDS, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed February 10, 1917. Rehearing denied April 12, 1917.

ARTHUR BULKLEY, for appellant.

COOKE, POPE & POPE and ALEX BEAUBIEN, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court.

On December 9, 1912, Edward L. Ferry was killed in an automobile accident on a street in Waukegan. He left next of kin, and the administratrix of his estate brought this suit to recover damages for their

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

loss. On the trial defendant had a judgment, which we reversed in 196 Ill. App. 81. Upon another trial plaintiff had a verdict and a judgment for $3,000, from which defendant appeals. It is not claimed that the court erred in any rulings on the evidence. The instructions are not set out in the abstract. The only grounds on which a new trial was sought were that the verdict was not supported by the law or the evidence.

Appellee contends that our former decision is decisive of the case now presented. At the former trial the verdict was based upon an instruction directing the jury to find the defendant not guilty. Our former decision was that there was evidence fairly tending to make a case for the plaintiff and that in such case the court was not warranted in directing a verdict for the defendant. Such an instruction under such circumstances must be refused, even if the evidence is such that, if a verdict was returned for the plaintiff, the court would feel bound to grant a new trial. *Libby, McNeill & Libby v. Cook*, 222 Ill. 206. Therefore our former decision did not determine that a weighing of the evidence on a motion for a new trial or on an appeal would support the verdict. Therefore the merits must here be considered.

James Ferry, a brother of deceased, owned the automobile and was running it. A Mr. Neal sat on the front seat with him. Henry Sine sat on the back seat with deceased. They had just started from Waukegan to return to their homes in Zion City. As they were going north in Sheridan Road, in a residence part of the city, they met a team hauling a hayrack and nearly in the center of the paved way. The driver turned to the east to pass around the wagon. There was a pile of building material, composed of cement, gravel and sand, in the street. The automobile struck something. It is the contention of appellee that it struck this pile

of material; that the automobile went over and beyond it some little distance and finally ran into a stepping block at the curb. The left front wheel of the automobile broke down. Deceased was flung into the street, was picked up unconscious and died that night. The pile in the street was a little ways west of the curb and was two or two and one-half feet high and probably four feet wide. The paved way was thirty-six feet wide. The evidence was that the top of the pile was knocked off and that there was a broad mark across at the top, such as would be made by an automobile wheel. Appellant showed that there were on the curb, beginning about seven feet south of the pile and extending north nearly to said stepping block, several fresh abrasions on the face of the curb, and it contended that the driver ran against the curb and thereby produced this accident, and did not run over the pile of material. This was a question of fact for the jury and we see no reason to disturb its conclusion that the automobile ran over the material.

It is not unlawful to permit building materials to be placed in a street preparatory to building on the adjacent land, if the street is not thereby improperly obstructed; but the materials must be removed within a reasonable time. *Tolman & Co. v. City of Chicago,* 240 Ill. 268. The evidence makes it probable that this material was placed on this street in July or August and makes it certain that it was there in September. The necessity for its presence on the street was over a long time before this accident. The city was notified long before this accident that this material ought to be removed, and its officers promised to attend to the matter, and they did remove a part of the material that had previously been there. About two weeks before this accident the city authorities cleaned up this street in that vicinity except that it left this pile. Quite a while before this accident the city was notified

that it was dangerous to have that pile there at night without danger signals upon it, and the proper officers promised to have that attended to, but nothing was done. We are of opinion that the jury could reasonably find that it was negligence for the city to have that pile of material there at the time of the accident. Appellee therefore made a prima facie case.

Section 4 of the Motor Vehicle Act of 1911 (J. & A. ¶ 10004) requires motor vehicles to carry lighted lamps from sunset to one hour before sunrise. This accident occurred about thirty minutes after sundown, and the lamps on this automobile were not lighted. It is claimed that this was negligence that should bar a recovery. The negligence of a driver does not usually bar a recovery by a passenger who has no control over the driver. *Chicago & A. R. Co. v. Vipond,* 212 Ill. 199; *Nonn v. Chicago City Ry. Co.,* 232 Ill. 378; *Yeates v. Illinois Cent. R. Co.,* 241 Ill. 205; *Dudley. v. Peoria Ry. Co.,* 153 Ill. App. 619. But appellant contends that to permit this automobile to proceed with a light in violation of law is also the negligence of the passenger who is injured, under *Flynn v. Chicago City Ry. Co.,* 250 Ill. 460. About a mile before the place of the accident was reached, Sine, sitting on the back seat with deceased, asked James Ferry, the driver, if his lights were lit, and the driver replied that he would light them when he reached the end of the street lights. It was not yet dark and the street lights were on. Deceased was in a conversation with Sine about a proposal concerning a business trip to the west to be made by the two together. At most, it was a question of fact for the jury whether deceased should have insisted on leaving the car unless its lamps were immediately lighted. It is not clear from the evidence that the failure to have lights on the automobile contributed to the accident. The automobile was proceeding in the same line of travel as that on which the hay-

rack was coming. When the driver nearly reached the hayrack he turned suddenly to the east to go around it and then was first confronted with this pile of material. It is not clear that he would have seen the material any sooner if his lights had been on. As the instructions are not in the abstract and no complaint is made concerning them, we must assume that proper instructions concerning the contributory negligence of deceased were given, and that the jury determined that question of fact against appellant. Section 10 of said Motor Vehicle Act (J. & A. ¶ 10010) restricts the speed of automobiles in the residence portions of an incorporated city to fifteen miles per hour. The proof for appellee was to the effect that this automobile was running within that limit. The proof introduced by appellant tended to show that the speed greatly exceeded the prescribed limit. The blood upon the pavement farthest from the pile of material proved to be from seventy-five to eighty-two feet therefrom, and it is insisted that this required the jury to find that the speed greatly exceeded fifteen miles per hour. There is force in this argument, but it assumes that the body of deceased left the automobile at the pile of material. The automobile was in fact in motion while the body of deceased was leaving the car, and it may be that the left front wheel did not entirely collapse, and deceased did not actually leave the car, until the automobile struck the stepping block. This also leaves out of consideration the angle at which the car may have approached the material and what the driver may have done with the wheel after the automobile struck the material; and the driver was rendered unconscious and was unable to tell what did take place. We do not feel warranted in disturbing the conclusion of the jury, supported as it is by the positive evidence of several witnesses that the speed was less than fifteen miles per hour. We therefore think it unneces-

sary to determine whether the deceased, engaged in a business conversation with the man by his side on the back seat, was bound at his peril to take notice of the speed of the vehicle and to require it to be reduced or to leave the car.

We find no reversible error in the record and the judgment is therefore affirmed.

*Affirmed.*