## Margaret Bolen, Appellee, v. Central Illinois Public Service Company, Appellant.

### Gen. No. 7,799.

1. STREET RAILWAYS—*sufficiency of evidence of negligence of motorman.* The jury in an action for damages resulting from collision of an automobile with defendant's street car were justified in finding defendant guilty of negligence where the evidence showed that the motorman failed to exercise the degree of care legally required of him with reference to the speed of the car and the lookout kept for traffic at the crossing.

2. STREET RAILWAYS—*cutting corner as contributory negligence of motorist.* For the driver of an automobile to cut a corner instead of going around the center of a street intersection as is required by an ordinance does not necessarily constitute contributory negligence in a collision with a street car being negligently driven across the intersection.

3. NEGLIGENCE—*negligence of automobile driver in cutting corner as imputable to guest.* The negligence of the driver of an automobile in cutting a corner instead of passing around the center of a street intersection is not imputable to a guest riding in the car, without control over it or over the driver.

4. STREET RAILWAYS—*due care of guest in automobile to avoid collision with street car as jury question.* Whether a guest in an automobile exercised due care in an effort to discover if a street car was approaching as they neared a street intersection was a question for the jury where she testified that as the automobile approached the intersection it was slowed to about five miles an hour and that she looked both ways and listened and that the sun was low and shining so brightly from the direction from which the street car approached that she could not see the car.

Appeal by defendant from the Circuit Court of Coles county; the Hon. JOHN H. MARSHALL, Judge, presiding. Heard in this court at the October term, 1924. Affirmed. Opinion filed March 6, 1925. *Certiorari* denied by Supreme Court (making opinion final).

VAUSE & KIGER, for appellant.

Bolen v. Cent. Ill. Public Service Co., 237 Ill. App. 226.

DONALD B. CRAIG, JAMES W. CRAIG, JR., FRED H. KELLY and J. C. VAN METER, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

This suit was brought by Margaret Bolen, the appellee, in the circuit court of Coles county against the appellant, Central Illinois Public Service Company, to recover damages for injuries suffered by her while riding in an automobile driven by her father on Sixth street in the City of Mattoon, and which was struck by a street car operated by the appellant. There was a trial which resulted in a verdict finding the appellant guilty and assessing appellee's damages at $1,800. Judgment was rendered on the verdict and this appeal is prosecuted from the judgment.

The declaration charges general negligence in driving and operating the street car; also negligence in failing to sound a bell as the car approached the street crossing in question; and negligence in the speed of the car, and in failing to keep a proper lookout for persons and vehicles as the street car approached the crossing. The principal grounds urged for reversal of the judgment are two, namely, that the verdict is against the weight of the evidence on the question of the appellant's negligence, and that the evidence also shows that the appellee was guilty of contributory negligence.

Concerning the proof of the negligence charged against the appellant, the evidence in the record tends to show that the motorman in charge of the street car which caused the injury failed to exercise the degree of care which was legally required of him in the running and management of the street car with reference to its speed, and with reference to his keeping a lookout for the automobile traffic at the crossing, and the people using the crossing, and the jury were therefore fully warranted under the evidence in finding that issue against the appellant.

Upon the other point of contributory negligence, the appellant contends that the proof shows that the driver of the auto in question cut the corner at Sixth street in the direction of the approaching street car instead of running his auto around the center of the intersection, as required by the ordinance of the City of Mattoon, and that he thereby violated the ordinance and was guilty of contributory negligence in consequence; and that inasmuch as the appellee did not make any suggestion, protest or warning to the driver to prevent his cutting the corner and violating the ordinance, she was also guilty of contributory negligence. We cannot agree with this contention. Whether or not the driver actually cut the corner was a controverted question of fact on the trial; but assuming that he did cut the corner in violation of the ordinance, it must be pointed out that the violation of a city ordinance does not necessarily amount to contributory negligence, and, of itself, does not constitute a bar to a recovery. *Lerette v. Director General of Railroads*, 306 Ill. 348; *Jeneary v. Chicago & I. T. Traction Co.*, 306 Ill. 392. Also that the appellee was merely a passenger or guest in the auto and without control over it or over the driver, and that therefore the act of negligence involved in cutting the corner could not be imputed to her. *Nonn v. Chicago City Ry. Co.*, 232 Ill. 378; *Pienta v. Chicago City Ry. Co.*, 284 Ill. 246. It is true that the appellee, though a passenger in the automobile, was charged with the duty of exercising due care for her own safety, and, if she had opportunity, to learn of danger and avoid it, and to warn the driver of the automobile of such danger. *Grifenhan v. Chicago Rys. Co.*, 299 Ill. 590.

The element of danger enters into the solution of the matter of due care and of contributory negligence; danger which is imminent, and which can be avoided by the exercise of due care. In the present case, if, in the exercise of due care, neither the driver nor the appellee could have discovered the approach of the

Bolen v. Cent. Ill. Public Service Co., 237 Ill. App. 226.

street car before and at the time of cutting the corner of the street intersection, then the act of cutting the corner apparently involved no more peril to their safety than would be involved in the running of the auto around the intersection, as required by the ordinance. Concerning the question of the care exercised by the appellee, her testimony is as follows:

"'We came down Wabash Avenue and then up Sixth Street, which intersects Wabash Avenue. The car had side curtains on, with isinglass windows on the side. I was sitting in the back seat on the left side of the car, or on the west side, as we came north on Sixth Street. My older sister, Esther, was sitting next to me and my younger sister was sitting on my lap; my little brother William was sitting on the right side of the car, they were all in the back seat with me. My brother is fourteen. My father was driving the car and was sitting on the left, or west side as the car went north. My stepmother and six weeks old baby were also in the front seat. Know where the street car line is on Broadway and as we went up Sixth street and approached Broadway the speed of the automobile was slowed to about five miles an hour; slowed down between Charleston and Broadway. Charleston is the first street south of Broadway; traveled real slow from Wabash up Sixth Street.

"Q. As you approached the intersection of Sixth and Broadway, where the street car ran, tell the jury, what if anything you did? A. Well I looked northeast and northwest and I listened.

"Q. Tell the jury whether or not there is any house on the south side or was at that time, any house on the south side of Broadway and on the west side of 6th street? A. There was.

"Q. When you looked northwest about what position was the automobile in with reference to that house? A. The back end of the automobile was I should think even with the front of the house.

"Q. Your best judgment how far were you back from the street car line at that time? A. I am not much of a judge. I would think fifty or sixty feet.

"Q. When you looked did you see, when you looked northwest see any street car coming? A. No, sir.

"Q. When you looked northwest, what if anything did you notice? A. The sun was shining real bright.

"Q. Notice anything further about the sun. A. It was down low and so bright. The sun was shining so bright that I couldn't see the car. When I looked northwest my father was also looking west and my sister, Esther, and I both looked northeast."

The exercise of due care on the part of appellant was a question of fact, and for the jury to determine; it was a question for the jury whether appellee's statement concerning the precautions she took to ascertain the approach of a street car was true, and, if true, whether her actions in that regard fulfilled the requirements of due care, namely, whether she did what an ordinarily prudent person would have done under the same circumstances. The jury by their verdict found both of these controverted matters in her favor. We cannot say, after reviewing the evidence, that the jury were not warranted in their finding.

It is also contended that the damages are excessive; but in view of the serious character of appellee's injuries, some of which are permanent in their character, and of appellee's suffering as a result thereof, the amount allowed does not appear to be too large.

For the reasons stated, the judgment is affirmed.

*Judgment affirmed.*