Esther Kinney, Administratrix de bonis non, of Estate of John W. Marsh, Deceased et al., Appellants, v. Hazel O'Flaherty, Appellee.

Gen. No. 43,029.

Opinion filed September 11, 1944. Rehearing denied September 25, 1944.

ALFRED ROY HULBERT, of Chicago, for appellants.

LESTER E. WILLIAMS, of Chicago, for appellee.

MR. JUSTICE MATCHETT delivered the opinion of the court.

These cases were here on a former appeal, when we reversed judgment in favor of defendant, Hazel O'Flaherty, and remanded the causes for trial. *Marsh v. O'Flaherty*, 319 Ill. App. 250. On the second trial at the close of evidence for plaintiffs, motions by defendant, Hazel O'Flaherty, for a verdict in her favor were granted, the verdicts returned and judgments entered. These appeals are by plaintiffs from these judgments.

It is contended the court erred in instructing the verdicts; that Hazel O'Flaherty was guilty, as a matter of law, and that by making a motion for a directed verdict at the close of the evidence for plaintiffs the facts stand confessed; that the cause should be reversed and remanded, only for the assessment of damages.

The former opinion was abstracted.

The consolidated suits arose out of an occurrence on June 16, 1938, at the intersection of Golf road and Milwaukee avenue in Cook county. The evidence shows without conflict that on the afternoon of that day Gehrke and Marsh were riding in a truck, driven northward on Milwaukee avenue at its intersection with Golf road. At that time a V-8 Ford automobile, owned by Frank O'Flaherty and occupied by defendant, Hazel O'Flaherty, and Paul Rittis, was driven east on Golf road at a speed of more than 50 miles an hour; that passing other vehicles ahead of it and disregarding "Stop" signs at the intersection, it crossed the intersection and struck the truck, inflicting injuries on Gehrke and Marsh from which they died and severely injuring the occupants of the V-8 automobile.

The suit in each case was by the administratrix of the deceased against Hazel O'Flaherty, Paul Rittis and Frank O'Flaherty. It was dismissed before judgment as to Frank. There was a judgment in favor of each of the plaintiffs against Paul Rittis, who, the evidence tended to show, was actually driving the Ford automobile at the time it struck the truck. On the former trial Mrs. O'Flaherty was allowed to testify in her own behalf, over objection. We held this was error and reversed the judgment in each case, remanding the cause. After reversal, Mrs. Marsh, the administratrix of her husband's estate, passed away. Esther Kinney was appointed administratrix *de bonis non* and substituted as plaintiff.

Counterclaims were filed by Hazel O'Flaherty against both plaintiffs before the first trial. In each of these she averred that at the time of the occurrence decedents were operating a motor truck; that she was a passenger in an automobile going eastward along Golf road at the intersection and in the exercise of ordinary care; that each deceased in operating the truck was negligent; that as a result the truck struck the automobile with force and violence, injuring her. On the former trial in each case there was a verdict of guilty as to Paul Rittis, with damages in favor of each administratrix assessed at $10,000, on which judgment was entered. The verdicts on the counterclaims were not guilty. Motions for a new trial were made and denied and judgment entered according to the verdict in each case.

On the second trial Mrs. O'Flaherty did not testify in her own behalf. On the first trial plaintiffs introduced the evidence of a witness Thomas J. Zakos. He was an eyewitness to the occurrence. On the second trial he could not be found. Plaintiffs asked leave to submit this evidence on the second trial. Defendant objected and the court ruled it was not admissible.

Mrs. O'Flaherty was called as a witness by plaintiffs under section 60 of the Civil Practice Act [Ill. Rev. Stat. 1943, ch. 110, par. 184; Jones Ill. Stats. Ann. 104.060]. She testified that she was married to Frank O'Flaherty; her address was 710 McBride street, Elgin, Illinois, and that Frank owned a Ford sedan on June 16, 1938. She did not remember whether she or her husband drove the automobile to his work on the morning of June 16. He came home to luncheon. Whether she drove him home from the factory she did not remember, but one or the other of them drove. She may have been the one. She drove him to the factory after luncheon, then drove the car back to their home in Elgin. He went to work at 1 o'clock. She

drove the same automobile downtown that afternoon, went home and did some work, dressed up a bit, went back downtown, again driving the automobile. She did not drive any other automobile that entire day or any other Ford sedan that afternoon. Her attorney asked whether she drove the automobile outside of Elgin on the day of the accident. Plaintiffs objected but the court ruled that her answer "No, sir" might stand.

On the former appeal, after holding it was reversible error to admit the testimony of Mrs. O'Flaherty in her own behalf, we said:

"We are also of the opinion the verdict is against the weight of the evidence. The accident (as already stated) occurred at about 3:00 P. M. at the intersection of Milwaukee Avenue and Golf Road. Milwaukee Avenue runs in a southeasterly and northwesterly direction and intersects Golf Road, which runs east and west. Both roads are four lane roads, paved with concrete. The occurrence witnesses (if we exclude the testimony of Mrs. O'Flaherty) practically agree that the truck was going northwest on Milwaukee Avenue at a speed of about fifteen miles per hour, while the auto was coming east on Golf Road at a speed of fifty or more miles per hour; that the truck was first in the intersection and had the right-of-way; that the auto (a Ford) nevertheless proceeded across the intersection without diminishing its speed, disregarding signs which warned it to 'stop' and 'slow down,' passed an auto just ahead of it, and when in the middle of the intersection struck the cab of the truck with such force as to turn it over and demolish both vehicles. The evidence indicates that if Mrs. O'Flaherty was not driving, she was nevertheless by authority of her husband in control of the machine. On any theory, she chose the driver Rittis and was by his side when he drove. Empty bottles were found in the car after the collision. She denied this. If it were not true, the

car was certainly driven with recklessness tending to corroborate this testimony. The law applicable is quite clear. Can one charged with the responsibility of caring for an automobile choose a driver who thus drives, watch him doing it without a word of protest, warning or direction then avoid liability on the theory she is not liable because the one she chose to drive was actually driving instead of herself? An automobile is a dangerous instrument. Those in control of it ought to recognize that fact and act with appropriate care and caution. Mrs. O'Flaherty was not a novice. She was an experienced driver. As a case of first impression we would be inclined to hold her liable on the theory that control of such an instrument brings responsibility. Whatever the law may have been, it is certainly now moving in this direction. We are inclined to the view that under the law of this state the negligence of the driver Rittis would be imputed to Mrs. O'Flaherty.''

The evidence given on this and the former trial is substantially as above recited with the exception that there is no evidence here as to the finding of the empty bottles or denial thereof. There is also no evidence tending to negative the responsibility of Mrs. O'Flaherty for the actions of the driver of the car, as there was on the former trial. We hold the burden was on her to produce such evidence, and in the absence of it the question of her liability was for the jury.

On the former appeal after analyzing a large number of cases, which we shall not here repeat, we discussed the case of *Palmer v. Miller*, 310 Ill. App. 582, and the same case in 380 Ill. 256, reversed on the theory that a defendant owner in that case was a minor. After quoting from the Supreme Court we said:

''The opinion of the Supreme Court went on to say that it was argued that although the minor was in-

competent to make a contract of agency he was present in the car driven for his benefit, and that the law would impute the negligence of the driver to him. The court said it could not agree to this; that it was fundamental in the law of imputed negligence that to impute the negligence of one person to another, such persons must stand in the relation of privity and that there was no such things as imputable negligence except in cases where such a privity as master and servant or principal and agent existed; that infants were responsible for their own negligence only, citing *Smithers v. Henriquez,* 368 Ill. 588, and *Nonn v. Chicago City Railway Co.,* 232 Ill. 378. The cause was remanded for another trial.''

We added:

''Defendant O'Flaherty is not a minor. She is married, but the law has emancipated her. She was in control of this automobile. The man she chose to drive drove it. She sat beside him and watched him drive. The jury could reasonably find her responsible for the negligence of Rittis on the theory that his negligence was imputable to her, or that the rule of *respondeat superior* was applicable, or that Rittis and Mrs. O'Flaherty were on a joint adventure where each was liable for the negligence of either.''

It was error to direct a verdict for defendant, Mrs. O'Flaherty at the close of plaintiff's evidence.

For this reason the judgment will be reversed and the cause remanded for another trial.

*Reversed and remanded.*

NIEMEYER, P. J., and O'CONNOR, J., concur.