Bryce Edward Bracher, Plaintiff-Appellee, v. Illinois Terminal Railroad Company, Defendant-Appellant.

Term No. 54–O–6.

Fourth District.
February 1, 1955.
Rehearing denied April 5, 1955.
Released for publication April 21, 1955.

Fred P. Schuman, of Granite City, for appellant.

Morris B. Chapman, of Granite City, for appellee; John Gitchoff, of Granite City, of counsel.

MR. PRESIDING JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Madison county in favor of plaintiff-appellee, Bryce Edward Bracher (hereinafter called plaintiff), based

on a verdict of a jury in the amount of $30,000, and as against Illinois Terminal Railroad Company, a corporation, defendant-appellant (hereinafter called defendant company). Motions for judgment notwithstanding the verdict and in the alternative, for a new trial, were denied by the trial court.

On appeal in this court defendant company contends that there was a failure of plaintiff to prove he was in the exercise of due care and caution for his own safety; that the verdict was contrary to the manifest weight of the evidence; that the record did not show that the defendant was guilty of any negligence; that the verdict was excessive; that the court erred in not declaring a mistrial on examination of the jurors, and in allowing an amendment to the complaint by raising the ad damnum; and also, that the court erred in not granting a new trial on the basis of certain instructions given on behalf of the plaintiff.

The injuries sustained by plaintiff resulted from a collision between an interurban car owned and operated by defendant company, in Granite City, along a certain street. Plaintiff was riding in an automobile as a passenger at the time. The automobile in which plaintiff was riding was backed from the east side of the street across the tracks of defendant company. From the evidence offered on behalf of the plaintiff it was indicated that the automobile was first stopped at the sidewalk, at which time both plaintiff and the driver looked in both directions for oncoming interurban cars. They saw none approaching and the driver then backed across the paved portion of the street and upon the dirt portion where the tracks were located and stopped the automobile so that the rear of the automobile was across the nearest streetcar track and the front of the automobile was near the paved portion of the street. While the automobile was so parked waiting for traffic to clear on the paved portion of the street so that the automobile could be driven in a northerly direction,

378

the driver and plaintiff testified they looked again for approaching interurban cars but saw none coming. The evidence indicated that from the position in which they were parked their vision to the south was partially obstructed by a row of poles supporting a trolley wire adjacent to the track, and also that the track curves some 200 to 300 feet south of the place where the automobile was situated so that they could not have a clear view all the way down the track. After they had been parked in such position for some time plaintiff testified his attention was directed to an approaching interurban car by hearing a tingling of the rails. He then warned the driver of the approach of the interurban car and endeavored to open the automobile door to get out, but the automobile was struck by the interurban car before he had time to escape. At the same time the driver was also attempting to back from the tracks, but the testimony was to the effect that he had only backed some seven or eight feet when the interurban car struck the right side of the automobile near the front door. The automobile was pushed by the interurban car for some distance, indicated by plaintiff's witnesses to be about 190 feet. The speed of the oncoming interurban car was estimated by plaintiff to be between 40 to 50 miles per hour. It was the contention of defendant company that the automobile was backed suddenly upon the track in front of the interurban car so that the operator of the interurban car had no opportunity to avoid the accident, and that it was being properly operated at the time.

It is apparent that on the issues of fact the evidence was in direct conflict. Conflicting questions of fact such as speed, distance, and questions of contributory negligence, where the facts were in dispute, are questions of fact for the jury to determine (Loftus v. Chicago Rys. Co., 293 Ill. 475).

The determination of whether or not the defendant was negligent under the record in this case

was a question of fact for the jury, in view of the evidence as to the speed of the interurban car and the distance the automobile was pushed after the collision (Chicago City Ry. Co. v. Tuohy, 196 Ill. 410). Similarly, plaintiff could not be held to be contributorily negligent, as a matter of law, under the evidence. Plaintiff was not in control of the operation of the automobile, but was riding in it as a guest. His testimony as to what he did and said raised a question of fact for the jury, and it was for the jury to determine whether or not he was then and there in the exercise of due care for his own safety.

In view of the fact that the interurban car was traveling along a track within the municipality, so-called railroad crossing cases on the subject of contributory negligence of a passenger in an automobile would not be applicable, and the distinction pointed out in Pienta v. Chicago City Ry. Co., 284 Ill. 246, applies. In that case it is pointed out (at page 259) that the reasoning in cases as to the care necessary in approaching a highway crossing of a steam railroad in the country is quite different from that of an electric car running along a public highway or street in a thickly settled locality. The court pointed out that in one case there is a completely unobstructed view of approaching objects; that within the city limits, on the contrary, the degree of care required of the motorman of the electric car would be greater than that of the engineer of a steam engine out in the open countryside.

██ ██ The duty of the guest to warn the driver when he has become aware of danger or when he has an opportunity in the exercise of reasonable care to do so was discharged, under the evidence, by the plaintiff in this case, at least to the extent that it presented a question of fact for the jury to determine (Swanlund v. Rockford & Interurban Ry. Co., 305 Ill. 339; Bolen v. Central Ill. Public Service Co., 237 Ill. App. 226). Under the record in this cause, with conflicting evidence

on the question of negligence of defendant and on the question of due care of plaintiff, this court on appeal could not substitute its judgment for that of the jury in determining such questions of fact (Martin v. Village of Patoka, 305 Ill. App. 51).

██ Plaintiff in this case sustained permanent and serious injuries which will prevent his doing extensive physical labor for the remainder of his life. Physical labor is the only type of work for which plaintiff possesses any qualifications. The expectancy (of sixteen years) of plaintiff, his medical expense, coupled with his pain and suffering, are sufficient to sustain the verdict of $30,000. Under the record in this cause such verdict cannot be determined to be excessive so as to justify modification or reversal, nor can this court conclude that the verdict resulted from passion or prejudice.

██ ██ Defendant also insists the court below should have declared a mistrial by reason of the questioning of a juror and the raising of the ad damnum from $30,000 to $50,000. In connection with the inquiry of the juror, in the preliminary examination a juror was asked whether he had been on the jury the previous week, and then the question was put, "You didn't give all the money away?" Counsel for defendant voiced an objection to the remark but there was no ruling upon it. Where the record fails to show a ruling upon an objection it is deemed to be waived and cannot be raised upon appeal (Garshon v. Aaron, 330 Ill. App. 540). After such examination, and out of the presence of the jury, an amendment raising the ad damnum was made. The right to amendment of such pleadings was consistent with the provisions of the Civil Practice Act (1953 Illinois Revised Statutes, chapter 110, section 170 [Jones Ill. Stats. Ann. 104.046]), and the allowance of such amendment was discretionary with the trial court and did not warrant a mistrial.

■ Defendant also contends that the court below erred in the giving of certain instructions. It is contended that one instruction was peremptory in that it fails to limit the negligence referred to in the instruction to that charged in the complaint. It was a frequently used stock instruction correctly setting forth an abstract legal relationship and referring to the fact that if the jury believed from the evidence and instructions that if such were the case plaintiff "would be entitled to recover." The instruction was not peremptory in the sense that it told the jury that if certain facts were proven a verdict should be returned for the plaintiff (Goldberg v. Capitol Freight Lines, 382 Ill. 283). The giving of such instruction, in view of the other instructions given and the language set forth in it was not improper (Goldberg v. Capitol Freight Lines, supra; Murphy v. Ill. State Trust Co., 375 Ill. 310).

■ Other instructions given to which defendant objected concerned the question of the imputation of the negligence of the driver to the guest and the duty of the guest with respect to due care. The courts of this State have approved such instructions in the form in which they were given (Tennes v. Tennes, 320 Ill. App. 19). Defendant gave many instructions which instructed the jury quite at length on the various issues of law in the case. Plaintiff gave only a few. Under the record before us, after reviewing all the instructions given and reading the instructions as a series, it is obvious that there was no basis for reversal in the instructions given on behalf of plaintiff.

We must therefore conclude on the record in this cause that there was no reversible error and that the judgment of the circuit court of Madison county should be affirmed.

Judgment affirmed.

BARDENS and SCHEINEMAN, JJ., concur.